IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATI BENGALS, INC.,

        Plaintiff,

- against -

KHALID ABDULLAH, SAM ADAMS, MARCO BATTAGLIA, RASHAD BAUMAN, ROGERS BECKETT, VAUGHN BOOKER, DUANE CLEMONS, RON DUGANS, DAVID DUNN, CHRIS EDMONDS, OLIVER GIBSON, DAMON GRIFFIN, KEVIN HARDY, RODNEY HEATH, NICK LUCHEY, TREMAIN MACK, TIMOTHY MCGEE, TONY MCGEE, REGGIE MYLES, HANNIBAL NAVIES, SCOTT REHBERG, ADRIAN ROSS, TROY SADOWSKI, DARNAY SCOTT, KABISA AKILI SMITH, ARMEGIS SPEARMAN, GLEN STEELE, DENNIS WEATHERSBY, RICHMOND WEBB, BERNARD WHITTINGTON AND DARRYL WILLIAMS, and REINARD WILSON

        Defendants.

Case No. 1:09 CV 738

Hon. Sandra S. Beckwith

Hon. Timothy S. Black

---

## DECLARATION OF ADAM J. KAISER
IN SUPPORT OF (1) THE PROPOSED INTERVENOR NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION'S MOTION TO INTERVENE AND (2) PROPOSED INTERVENORS AND DEFENDANTS' MOTION TO COMPEL ARIBITRATION AND DISMISS THE COMPLAINT

**ADAM J. KAISER**, hereby declares as follows:

1. I am a partner of Dewey & LeBoeuf, LLP, counsel to the proposed intervenor National Football League Players Association ("NFLPA"). I make this declaration, of my own personal knowledge, in support of (a) the NFLPA's motion to intervene and (b) the NFLPA's

and defendants ("Players") motion to compel arbitration and dismiss the Complaint.

2. The NFLPA is the exclusive bargaining agent of all players in the National Football League ("NFL"). I have served as one of the NFLPA's outside counsel for approximately five years, and partners at my law firm have served as the NFLPA's outside counsel for more than twenty years. I am fully familiar with the issues raised in these motions.

3. Arbitration is a critical component of the collective bargaining agreement ("CBA") between the National Football League Management Council ("NFLMC"), which is the exclusive bargaining representative of all NFL clubs (including the Bengals), and the NFLPA. This is no more true than in the area where the CBA and NFL Player Contract (which all NFL clubs and all NFL players must, pursuant to the CBA, enter into and is part of the CBA) intersect with state workers' compensation laws.

4. NFL players who are injured obtained only limited injury-related benefits under the CBA, and virtually no long-term medical benefits. NFL players, therefore, look to state workers' compensation laws for injury-related benefits, including health care.

5. The NFLPA and NFLMC have for decades arbitrated disputes under the CBA concerning the CBA's and NFL Player Contract's impact on state workers' compensation laws.

6. One of the earliest cases was *Steve August and the NFLPA v. Seattle Seahawks and the NFL Management Council* (July 11, 1986; Arb. Kagel) (Exh. A). That case involved Paragraph 10 of the NFL Player Contract and its impact on a state workers' compensation award to a Seahawks player under Washington law.

7. *National Football League Players Association, on behalf of Joe Norman v. National Football League Management Council, on behalf of the Seattle Seahawks* (January 5, 1989; Arb. Kagel) (Exh. B) is another arbitration involving the NFL Player Contract and state

2

workers' compensation laws. There, the issue was the impact of severance pay to a workers' compensation award under Paragraph 10 of the NFL Player Contract. Other similar arbitrations include *National Football League Players Association, on behalf of Kyle Freeman v. National Football League Management Council, on behalf of the Los Angeles Raiders* (Dec. 28, 1994; Arb. Kagel) (Exh. C); *Donald Smith v. Miami Dolphins* (Apr. 29, 1991; Implementation Agreement Arbitrator) (Exh. D), *aff'd*, *Donald Smith v. Miami Dolphins* (Apr. 21, 1997; Arb. Kagel) (Exh. E); *Davis Alexander, Steve Harvey and National Football League Players Association v. New York Jets and Buffalo Bills* (Feb. 14, 2007; Arb. Das) (Exh. F), confirmed *The National Football League Players Association v. The National Football League Management Council*, No. 08 Civ. 3658, 2009 WL 855946 (S.D.N.Y. Mar. 26, 2009) (Exh. G) (collection of cases involving application of NFL Player Contract to state workers' compensation laws); *National Football Players Association v. The National Football League Management Council, on behalf of The Dallas Cowboys and The Houston Oilers* (May 24, 2005; Arb. Das) (Exh. H) (enjoining the Dallas Cowboys and Houston Texans from implementing Texas state workers' compensation law provisions inconsistent with CBA's guarantee of players' rights), confirmed *In the Matter of The National Football League Players Association and The National Football League Management Council, The Dallas Cowboys and The Houston Texans*, No. 3-05 CV-2298G (N.D. Tex. Nov. 23, 2005) (Exh. I).

8. There is currently a pending arbitration between the NFLPA and NFLMC involving Bruce Matthews and his former employer, the Tennessee Titans, concerning issues very similar, if not identical, to those here (a copy of the NFLMC/Titans' grievance is attached hereto at Exh. J).[1] That case was tried on October 9, 2009, and a decision is expected within

---

[1] In *Matthews*, the NFL Player Contract contains a choice-of-law clause, not a choice-of-forum clause. The NFLMC and the Titans erroneously contend, however, that the contract contains a choice-of-forum clause that required the

3

several months. There, the Titans commenced a grievance under the CBA contending that the player violated the NFL Player Contract by seeking workers' compensation benefits in California, even though the player allegedly agreed, in his NFL Player Contract, to seek such benefits exclusively in Tennessee. The parties' chosen interpreter of the CBA will decide whether choice-of-forum provisions in an NFL Player Contract are enforceable.

9. Similarly, the NFLMC and the Miami Dolphins have commenced grievances against sixty-one players alleging that they violated the CBA and NFL Player Contract when they sought benefits in California, claiming that all such players were required to seek benefits exclusively in Florida.[2] (Exh. K). The Dolphins grievances are currently before Arbitrator Shyam Das, a long-standing NFL arbitrator.

10. Attached hereto as Exhibit L is a true and correct redacted copy of an NFL Player Contract between Dennis Weathersby, a Player, and the Cincinnati Bengals, dated July 27, 2003. It contains, at "Addendum 3," the addendum at issue in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2009 in New York, New York

_____
Adam J. Kaiser

---

player to seek benefits exclusively in Tennessee. Under the NFLMC's view, the Titans' claims against Matthews and the Bengals claims against the Players here are identical, as, according to the league, all players agreed in their NFL Player Contracts to seek workers' compensation benefits exclusively in the state where the NFL club is located.

[2] On page 3 of the grievance, the NFLMC and Miami Dolphins contend that the Florida choice-of-law clause in the NFL Player Contract requires that the players seek benefits in Florida only. The league understands that disputes over choice of law or choice of forum clauses in NFL Player Contracts need to be resolved by NFL arbitrators, not judges.