IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| CINCINNATI BENGALS, INC. | : | CASE NO. 1:09 CV 738 |
| Plaintiff, | : | Hon. Sandra S. Beckwith |
| v. | : | Hon. Timothy S. Black |
| KHALID ABDULLAH, et al., | : | BENGALS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND |
| Defendants. | : | |

  Before the Court is Plaintiff's motion to remand this case to the Ohio Common Pleas Court from which it was improperly removed. Removing Defendants Khalid Abdullah and Darryl Williams ("Removing Defendants") oppose the motion with a memorandum long on derision, but short on substance. They still have not established the required unanimity. Nor do they explain why this workers compensation dispute, expressly excluded from the federal statute they cite, should be in this Court. And they fail to answer why, if workers compensation issues involving player contracts are governed by federal law and the NFL collective bargaining agreement, Bengals players have repeatedly sued the Bengals in state court and asked the courts of Ohio to interpret their contracts relating to workers compensation issues. In short, Removing Defendants have answered none of the questions raised by their improper removal of this state court matter. The Court should grant the Bengals' Motion to Remand.

11531430.1

ARGUMENT

1. Removing Defendants cannot satisfy the requirement of unanimity.

Removing Defendants concede that removal requires unanimity among all defendants. Loftis v. United States Postal Service, 342 F.3d 509, 516 (6th Cir. 2003). "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." Bierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533-34, n. 3 (6th Cir. 1999); Harper v. AutoAllinace Int'l Inc., 392 F.3d 195 (6th Cir. 2004). Here, as of the date of the attempted removal, 21 defendants had been served. Only two, Khalid Abdullah and Darryl Williams ("Removing Defendants," as they defined themselves in the Notice of Removal to distinguish themselves from the non-removing Defendants) joined in the removal papers. The other 19 served Defendants did not join in the removal; the other 19 served Defendants did not file a written consent.

Removing Defendants' principal argument on unanimity is based on the conclusory statement, included in the Removing Defendants' Notice of Removal, that "all Defendants have consented to Removing Defendants' removal of this action." Doc. No. 1, ¶ 6. It would be one thing if Removing Defendants had simply identified their contacts with the other 19 served Defendants, and thus demonstrated how they obtained their consent. Removing Defendants did not do that. Removing Defendants do not even assert that the other Defendants "indicate[d] their consent verbally." City of Cleveland v. Deutsche Bank Trust, 571 F. Supp.2d 807, 815 (N.D. Ohio 2008)(cited by Defendants). Instead, all Removing Defendants offer is their self-serving proclamation

- 3 -

that all Defendants consent.  Without more, that statement does not satisfy Removing Defendants' burden to demonstrate that all of the Defendants gave their "unambiguous" consent to removal. Hicks v. Emery Worldwide, Inc., 254 F.Supp.2d 968, 974 (S.D. Ohio 2003).

Removing Defendants misread Harper, supra, as authorizing their cavalier approach to obtaining unanimous consent.  But as subsequent courts have pointed out, Harper "did not directly address the specific issue of whether one defendant's representation that other defendants consented to removal is sufficient to survive a motion for remand."  Sovereign Bank v. Park Development West, LLC, 2006 WL 2433465, *2, fn. 2 (E.D. Pa. Aug. 17, 2006)  Federal courts that have addressed the specific issue recognize that "one defendant may not speak for another in filing a notice of removal." Granovsky v. Pfizer, Inc., 631 F.Supp.2d 554, 563 (D.N.J. 2009) (remanding case because bare statement in one defendant's notice of removal that the other defendant consented was not sufficient to satisfy the unanimity rule), citing Green v. Target Stores, Inc., 305 F.Supp.2d 448, 450-51 (E.D. Pa. 2004) (remanding the case to state court because the notice of removal by one defendant stating consent by another defendant was insufficient); Sovereign Bank, supra at *1 (distinguishing Harper, statement alone by the removing defendant did not constitute sufficient consent for purposes of removal.)  Harper is further distinguishable because in that case, there was no question that the other, non-removing defendant consented to removal, because he filed a timely answer in which he affirmatively consented to the Court's jurisdiction. Harper, 392 F.3d at 199, 202.The non-removing Defendants here have made no such filings.

Removing Defendants' failure to explain how they obtained the other Defendants' consent is particularly telling in light of the fact that some of the Defendants were – at the very time the Removing Defendants claim they were consenting to removal – negotiating their dismissal from this action. See Declaration of Timothy Peterson, attached as Exhibit 1. Defendants Rashad Bauman and Damon Griffin were dismissed from this matter November 25 (Doc. No. 15). That dismissal was the result of an agreement between lawyers for the Bengals and lawyers representing those players. Decl. ¶¶ 3-5. At no point did the attorneys who represent those players mention to the Bengals' lawyers anything about removal of this case to federal court, nor did they indicate that they had been contacted by counsel for Removing Defendants seeking their consent to removal. Id.

Removing Defendants' filings make no mention of the dismissal of those players – indeed, counsel appears to have moved to dismiss claims on behalf of players who had already negotiated the dismissal of the claims against them. Defendants' filings also make no distinction between the 21 Defendants who have been served (who have an obligation to respond) and those who have not been served (who do not yet have any obligation to file anything).[1] The failure to distinguish those players and point out that they are not yet even party to the suit suggests that they have had no communication with those players, let alone obtained the consent of 19 served Defendants in the three weeks between when their client Darryl Williams was served and they filed the Notice of Removal.

---

[1] The Hamilton County Clerk of Courts docket reflects that Defendants including Hannibal Navies, Duane Clemons, David Dunn, Richmond Webb and Akili Smith have yet to be served.

Obviously concerned about the deficiency with their Notice of Removal, Removing Defendants next argue that all Defendants consented to removal by being listed as moving parties in the Motion to Compel Arbitration and Dismiss the Complaint. Response, p.6. Removing Defendants argue that that Motion was the functional equivalent of an answer and, under Harper, "the district court correctly concluded that Kelly's [the only defendant who had not joined in the notice to remove] answer complied with the rule of unanimity." Id.

The problem with that theory is that the answer filed in Harper, within 30 days of service, specifically said that jurisdiction and venue were proper in the federal court and consented to the removal. Harper, 392 F.3d at 199, 202. But the Motion filed here, even if it had been filed by all Defendants, states no such thing. Unanimous consent must be "unambiguous." Hicks v. Emery Worldwide, Inc., 254 F.Supp.2d 968, 974 (S.D. Ohio 2003) (citation omitted). In Hicks, one of the defendants alleged it consented to removal by filing an answer and motion to dismiss. Id. The Court held that a "non-removing defendant's filing of motions or pleadings in federal court, without explicitly indicating consent to or joinder in the removal, is insufficient to satisfy the requirements of § 1446." Id. Just as in Hicks, the Motion filed by Defendants is an insufficient substitute for their express consent to removal.

Moreover, the whole notion that counsel for the two Responding Defendants suddenly (5 days later) became counsel for all 21 of the served Defendants – including ones whose real attorneys were simultaneously negotiating dismissal from the lawsuit – strains credulity. The first sentence of the Notice of Removal specifically distinguished between Removing Defendants Williams and Abdullah and the other Defendants. Notice of Removal, p. 1. If counsel had then represented all Defendants, the distinction would

- 5 -

serve no purpose. All Defendants would have removed the case, and no "consent" would have been necessary. The only conclusion is that counsel's claim to represent all Defendants is a post hoc effort to cover for the absence of any evidence of the Defendants' unanimous consent to removal.

Of course, even if all Defendants joined in the Defendants' Memorandum in Opposition to Remand, it could not substitute for consent. When there are multiple defendants, "each of the [d]efendants ha[s] thirty days from the date it received service either to remove the action or to consent to removal by a co-defendant." Hicks, 254 F.Supp.2d at 973. The Memorandum filed by the Responding Defendants in opposition to the motion to remand was filed November 25, 2009, well over thirty days after service on 19 of the defendants.[2] Even if counsel for the Removing Defendants represented all Defendants at the time the opposition was filed, and even if that opposition could serve as a substitute for their express consent, it was untimely.

Removing Defendants have not satisfied and cannot satisfy their burden to demonstrate that all of the Defendants gave their "unambiguous" consent to removal. Hicks, 254 F.Supp.2d at 974. The case should be remanded to state court.

2. This dispute is governed by state workers compensation law and should be remanded to state court.

Removing Defendants' second argument fares no better than their first. They insist that this dispute is governed by federal law, specifically the Labor Management

---

[2] Specifically, the Common Pleas Court docket reflects that Defendants Timothy McGee and Scott Rehberg were served on September 15, 2009; Defendants Sam Adams, Rashad Bauman, Kevin Hardy, Tony McGee, Adrian Ross and Dennis Weathersby were served on September 16; Defendants Ron Dugans, Rodney Heath and Reggie Myles were served on September 17; Defendant Chris Edmonds was served on September 18; Defendant Marco Battaglia was served on September 23; Defendant Rogers Beckett was served on September 28; and Defendant Armegis Spearman was served on September 30.

- 6 -

Relations Act ("LMRA"). They are wrong. Removing Defendants' position is inconsistent with the express terms of the very statute they cite as the basis for the existence of a federal question. Moreover, Removing Defendants gloss over the fact that Bengals players and the Bengals have litigated workers compensation issues – including interpretation of the workers compensation-related provisions of their NFL player contracts – exclusively in Ohio's courts. Three such suits were brought by Bengals players, and neither the Bengals nor the players that brought those suits ever asserted that the players' claims should be arbitrated under the CBA or player contract. That is because, like this case, they were workers compensation cases.

### A. The LMRA does not cover this workers compensation dispute.

28 U.S.C. § 1445(c) could not be more clear:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

An action arising under a state's workers compensation laws is non-removable irrespective of whether it presents a federal question. Goble v. City of Brunswick, 491 F.Supp. 2d 722, 724 (N.D. Ohio 2007). And the parties are in agreement on the standard to be applied: an action arises under a state's workers' compensation laws when either (1) workers' compensation law created the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workers' compensation law. Bruck v. Nat'l Veterinary Associates, Inc., No. 2:08-cv-341, 2008 WL 2704389, *1 (S.D. Ohio July 3, 2008) (citing Harper v. AutoAlliance Int'l Inc., 392 F.3d 195, 203 (6th Cir. 2004)). While Removing Defendants argue that the claim here satisfies neither requirement, in fact it satisfies both.

> i. Ohio's workers compensation law created the Bengals' cause of action.

Ohio Revised Code Section 4123.54(H)(1) represents a comprehensive legislative framework for determining where employees who travel in their business outside Ohio are to file for workers compensation. Under that statute, an employer complying with the statutory requirements limits its employees to compensation under Ohio's system:

> If the agreement is to be bound by the laws of this state and the employer has complied with this chapter, then the employee is entitled to compensation and benefits regardless of where the injury occurs or the disease is contracted and the rights the rights of the employee and the employee's dependents under the laws of this state are the exclusive remedy against the employer on account of injury, disease, or death in the course of and arising out of the employee's employment." Section 4123.54(H)(1) (emphasis added).

Here the Bengals followed the requirements to fall within that statutory framework. One requirement is express contract language that advises the employee of the limitation to filing workers compensation claims in Ohio.

Removing Defendants claim that the question here can be determined by looking solely to the Bengals' Complaint and, since it does not cite Chapter 4123 of the Ohio Revised Code, this is not a case about workers compensation law. That simply ignores reality. Removal here did not immediately follow the filing of the original complaint. There is much more to this record and it is replete with references to Section 4123.54(H). By way of example, the preliminary injunction granted by Judge Cooper specifically references the statute. Attached Exhibit 2.

Moreover, the only basis upon which the contract language can be enforced is with full compliance with the statutory requirements. If the Bengals failed to comply with the prerequisites to enforcement of a contract under that provision (for example, if

- 8 -

the Bengals failed to file the contract within the 10-day requirement), such contract would be unenforceable. See Linden v. Cincinnati Cyclones Hockey Club, L.P., 138 Ohio App.3d 634, 642, 742 N.E.2d 150 (1st Dist. 2000) (under companion provision 4123.54(H)(2), "literal and full compliance with the statute is necessary to give effect to an agreement electing the application of another state's laws").

The bottom line here is that the Ohio Revised Code 4123.54(H)(1) authorizes the contract that is the heart of the claim.  Without that statute and the Bengals' strict compliance with it, the Bengals' claims against Defendants would fail. See also Hafner v. Cowan Systems, LLC, No. 1:04-CV-629, 2005 WL 1417104, *1 (S.D. Ohio June 16, 2005) (remanding action because the plaintiff's claims for breach of contract, disparate treatment, and wrongful discharge were derivative of plaintiff's claim under a workers' compensation statute).

> ii. The Bengals' claim necessarily depends on this Court deciding a substantial question of workers compensation law.

The Bengals' claims also require a court to decide a substantial question of workers compensation law. Specifically, an Ohio court must address the application of Section 4123.54(H)(1). It is inescapable that Defendants, in seeking workers compensation benefits in California, have violated not only their contracts with the Bengals but also the "exclusive remedy" requirement of Section 4123.54(H)(1). The Bengals' claim is "necessarily dependent upon" a court's applying that "exclusive remedy" language to the facts of this case, and declaring that Defendants are violating both the statute and their contracts in seeking workers compensation benefits outside Ohio.

The other reason that the Bengals' claim "necessarily depends on" a court resolving this question is that the NFL Arbitrator will not. Removing Defendants would have this Court believe that the NFL Arbitrator will make the required interpretation and application of Section 4123.54(H)(1) to these facts. But the NFL Arbitrator expressly rejects requests—whether made by the players or the teams—to interpret or apply state workers compensation provisions, on the basis that it is beyond his authority to do so. Just as the Bengals assert here, the NFL Arbitrator correctly notes that the application of a state's workers compensation laws is best left to the states. In Davis Alexander, et al v. New York Jets, et al., (attached to the Affidavit of Adam Kaiser submitted by the Removing Defendants at Exhibit F), Arbitrator Das said it succinctly: "The legality of provisions of state workers' compensation laws is a matter to be decided in the appropriate state or federal forum, not arbitration under the CBA." Kaiser Aff., Ex. F, p. 20. In other words, the NFL Arbitrator cannot be expected to address or apply Section 4123.54(H)(1)'s "exclusive remedy" language were he to decide this dispute. If an Ohio court does not apply Section 4123.54(H)(1), it will not be applied, and the Bengals' rights under the statute as an Ohio employer will be effectively nullified.

> B. The Bengals and their players have always litigated workers compensation issues—including the player contract—in Ohio's courts.

Removing Defendants boldly claim that "[t]he Bengals cite to no precedent in the history of the NFL" involving a suit seeking a declaration of rights under the NFL player contract. One wonders whether Removing Defendants read the Bengals' Motion. In its Motion the Bengals cited three such cases, all brought by Bengals players in Ohio courts, seeking declarations of their rights under their player contracts. While Removing

Defendants attempt to distinguish these cases as involving "workaday issues relating to benefits under Ohio's workers' compensation laws," a simple review of those cases reveals that the players plainly sought declarations of their rights under their NFL Player contracts. See State ex rel. Deland McCullough v. Industrial Comm'n & Cincinnati Bengals, Inc., 94 Ohio St.3d 156, 158, 761 N.E.2d 24 (2002)  (player "filed a complaint in mandamus [that] sought a determination that his employment contract superseded the provisions of R.C. 4123.56(C)"); Ladd v. Cincinnati Bengals, Inc., Hamilton County Court of Common Pleas Case No. A-9602442, (complaint attached as Exhibit 3) (former Bengal player filed suit Hamilton County Common Pleas, asking the Court to "render a declaratory judgment in his favor, and find that the provisions of [his] employment contract supersede the provisions of 4123.56(C)"); Walker v. Cincinnati Bengals, Inc., Hamilton County Court of Common Pleas Case No. A-9405799/C96-00653 (Court of Appeals brief attached as Exhibit 4) ("The instant cause originated in the Hamilton County Court of Common Pleas, by way of a complaint for a declaratory judgment filed by appellant Kevin Walker, requesting that the trial court find as a matter of law that the provisions of appellant's employment contract superseded the provisions of R.C. 4123.56(C)"). Neither the Bengals nor the players who brought those suits moved to arbitrate the issues—precisely because, unlike other cases involving the NFL Player contract,[3] the issues presented involved the player's workers compensation benefits.

---

[3] Removing Defendants are correct that the Bengals have initiated arbitration against Bengals players in accordance with the NFL Player Contract and the NFL Collective Bargaining Agreement, including the Ernst and Thompson cases cited at p. 2 of their Response. But those cases are completely irrelevant to the issues presented here for the reason Removing Defendants' refuse to acknowledge:  those cases did not involve workers compensation issues, which are expressly excluded from the LMRA and expressly reserved to each state and its own laws.

This is a state workers compensation dispute. Congress deliberately excluded such disputes from the LMRA. The NFL Arbitrator abstains from interpreting or applying state workers compensation laws. The Bengals and their players—at least until now—have always resolved their workers compensation disputes in Ohio courts. It is unclear why these particular former Bengals are not willing to address the substance of the Bengals' claims in court. What is clear is that this case should be remanded to state court.

### C. 28 U.S.C. § 1441(c) does not save the Removing Defendants' attempt to remove this case.

Finally, Removing Defendants argue that this Court has original jurisdiction, and at the very least, any non-removable claims must be removed because of the presence of removable claims.[4]  These contentions ignore 28 U.S.C. § 1445(c), which provides, that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Moreover, because "Congress intended that all cases arising under a state's workers' compensation laws remain in state court," courts read 28 U.S.C. § 1445(c) broadly. Goble v. City of Brunswick, 491 F.Supp. 2d at 724. See also Johnson v. AGCO Corp., 159 F.3d 1114, 1115-1116 (5th Cir. 1998) (remanding case arising under workers' compensation law despite presence of federal question arising under LMRA).

---

[4] In support of these arguments, Removing Defendants cite cases that are dissimilar. For instance, in Wood v. Newell Manufacturing Co., 1996 WL 495567 (W.D. Mich. July 11, 1996), the plaintiff asserted a number of claims against several defendants, most of which were unrelated to workers' compensation law. Id. at * 2. Likewise, Radcliff v. El Paso Corp., 377 F.Supp.2d 558 (S.D. W.Va. 2005), pertains to the issue of complete preemption by ERISA. Id. at 565.

CONCLUSION

A "strong presumption" exists against the propriety of removing state litigation to federal court. Petties v. Kindred Healthcare, 366 F. Supp. 2d 636, 639 (W.D. Tenn. 2005); Capitalsource LLC v. THI of Columbus, Inc., 411 F. Supp. 2d 897, 900 (S.D. Ohio 2005). Courts must resolve all doubts over removal jurisdiction by determining that it does not exist. Coyne v. American Tobacco Co., 183 F.3d 788 (6th Cir. 1999).

Removing Defendants have failed to meet the procedural requirement of unanimity among multiple Defendants, and even if they had met those requirements, this case is not removable under 28 U.S.C. § 1445(c). Therefore, Plaintiff Cincinnati Bengals, Inc. respectfully requests that the Court remand this action to the Court of Common Pleas, Hamilton County, Ohio and award the Bengals its attorneys fees pursuant to 28 U.S.C. § 1447(c).

        Respectfully submitted,

        /s/ W. Stuart Dornette
        W. Stuart Dornette (0002955)
        Samuel M. Duran (0009378)
        Eric K. Combs (0067201)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202
        Telephone: 513.357.2838
        Fax: 513.381.0205
        dornette@taftlaw.com
        duran@taftlaw.com
        combs@taftlaw.com

        Attorneys for Plaintiff Cincinnati Bengals, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed on December 10, 2009 using the Court's CM/ECF filing system, which will transmit notice of the filing to all counsel of record in this case.

                                                               /s/  Eric K. Combs