**FOR THE SOUTHERN DISTRICT OF OHIO**
**FOR THE WESTERN DIVISION**

| | | |
|---|---|---|
| CINCINNATI BENGALS, INC. | : | CASE NO. 1:09 CV 738 |
| | : | Hon. Sandra S. Beckwith |
| Plaintiff, | | |
| | : | Hon. Timothy S. Black |
| v. | | |
| | : | |
| KHALID ABDULLAH, ET AL. | | PLAINTIFF CINCINNATI |
| | : | BENGALS, INC.'S AMENDED |
| Defendants. | | COMPLAINT |

For its Amended Complaint[1] against Defendants Khalid Abdullah, Sam Adams, Marco Battaglia, Rogers Beckett, Duane Clemons, Ron Dugans, David Dunn, Chris Edmonds, Kevin Hardy, Rodney Heath, Nick Luchey, Tremain Mack, Tim McGee, Tony McGee, Reggie Myles, Hannibal Navies, Scott Rehberg, Adrian Ross, Troy Sadowski, Darnay Scott, Kabisa Akili Smith, Armegis Spearman, Dennis Weathersby, Richmond Webb, Bernard Whittington and Darryl Williams (collectively "Defendants"), Plaintiff Cincinnati Bengals, Inc. (the "Bengals") states as follows:

### Nature of the Action

1.      This is an action for declaratory judgment and injunctive relief.  The Bengals seek a declaration that the workers' compensation laws of Ohio provide the exclusive remedy for all claims arising out of Defendants' employment with the Bengals. The Bengals also seek an injunction enjoining Defendants from seeking relief under the

---

[1] The Bengals file this amended complaint as of right under Fed.R.Civ.P. 15(a)(1)(A) since Defendants have not filed a responsive pleading to that complaint and, as to the identified Defendants at issue here, this is the first amendment to a pleading against them.

workers' compensation laws of another jurisdiction in violation of Ohio Revised Code Section 4123.54 and in breach of their contractual obligations to the Bengals.

## The Parties

2.     The Bengals are an Ohio corporation with a principal place of business in Hamilton County, Ohio.  Since 1968, the Bengals have owned and operated a member club in the National Football League.

3.     Defendants are former National Football League players.  Each of the Defendants was a player for the Bengals during his NFL career.

## Jurisdiction and Venue

4.     This Court has jurisdiction over Defendants pursuant to Ohio Revised Code §§ 2307.382(A) and 4123.54(H) because Defendants transacted business in this state, contracted to provide services in this state, performed substantial services in this state, and consented to jurisdiction in the State of Ohio and the application of Ohio law. Venue, pursuant to Rule 3(B) of the Ohio Rules of Civil Procedure, is proper in Hamilton County, because all or part of the claim for relief arose in Hamilton County.

## Common Factual Allegations

5.      Each of the Defendants was employed by the Bengals and is now pursuing workers compensation claims against the Bengals.  During the course of that employment, each of the Defendants performed a portion of his work within the state of Ohio and a portion of his work in states other than the State of Ohio.

6.      The Ohio legislature has set out a comprehensive statutory structure for determining jurisdiction over workers compensation claims by employees of Ohio

2

businesses who perform a portion of their work within Ohio and a portion of their work outside Ohio.

7.      Ohio Revised Code §4123.54(H) provides that where an employer and employee who performs work both within and outside Ohio agree to apply Ohio law to the employment agreement in the manner specified in the statute, then "the rights of the employee ... under the laws of this state are the **exclusive remedy** against the employer on account of injury, disease, or death in the course of and arising out of the employee's employment." (emphasis added).

8.      Each of the Defendants played football for the Bengals pursuant to written employment contracts.[2]  Each of Defendants' contracts contained an addendum meeting the requirements of R. C. §4123.54(H) and agreeing that any and all claims arising out of Defendants' employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the workers' compensation laws of any other state.

9.      Each of the Defendants signed his contract, and each contract includes the addendum referenced above.

10.      Each contract containing the addendum meeting the requirements of R. C. §4123.54 was, within 10 days of its execution, filed with the Bureau of Workers Compensation of the State of Ohio as required by R. C. §4123.54.

---

[2] Copies of each player's contract are not attached due to their voluminous and repetitive nature, because the contracts are already in possession of Defendants, and because they contain sensitive financial and other information of Defendants.

11.     Defendants attended regular practices and participated in regular games in the state of Ohio.

12.     Defendants did not suffer any injury in the state of California, Defendants did not attend regular practices in the state of California, no Defendant participated in more than four games in California while employed with the Bengals, and most participated in three games or fewer in California.

13.     Contrary to Ohio's statutory structure and despite the statute's language that Ohio workers compensation law provides the exclusive remedy for Defendants, Defendants have filed workers compensation claims with the Workers' Compensation Appeals Board in California.

14.     The claims filed by Defendants in California allege and seek compensation for physical conditions suffered by Defendants stemming from their entire employment as a professional football player, the vast majority of which was spent playing for teams outside the state of California and in games outside the state of California.

15.     The claims filed by Defendants in California allege and seek compensation for physical conditions suffered by Defendants stemming from their entire employment as a professional football player, the vast majority of which was spent playing for teams outside the state of California and in games outside the state of California.

16.     The trials and hearings on Defendants' claims begin imminently, in some cases within weeks.  Unless Defendants are restrained from proceeding in violation of their contracts and R.C. § 4123.54, the Bengals will be forced to defend Defendants'

claims in forums different from that agreed to by the parties, including being required to travel to California to do so, applying law different from that agreed to by the parties.

**First Cause of Action**
**Declaratory Judgment Against Khalid Abdullah—**
**Violation of R.C. § 4123.54(H)**

17.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

18.     Defendant Abdullah was a member of the Bengals during the 2003 season.

19.     In July 2003, Defendant Abdullah entered into a written employment contract with the Bengals (the "Contract").

20.     Defendant Abdullah signed and dated both the Contract and Addendum No. 3 thereto, which stated that any and all claims arising out of Defendant Abdullah's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

21.     Defendant Abdullah attended regular practices and participated in regular games in the state of Ohio.

22.     Defendant Abdullah does not reside in the state of California (and upon information and belief has never lived in California), Defendant Abdullah did not suffer any injury in the state of California, Defendant Abdullah did not attend regular practices in the state of California, and Defendant Abdullah participated in only two games in California while employed with the Bengals.

11657983.1

23.     On or about March 2009, Defendant Abdullah filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

24.     The claim filed by Defendant Abdullah in California alleges and seeks compensation for physical conditions suffered by Defendant Abdullah stemming from his entire employment as a professional football player.

25.     Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Abdullah's employment with the Bengals.

26.     Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Abdullah has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

27.     There is an actual and existing controversy between the Bengals and Defendant Abdullah concerning their respective rights and duties under R.C. §4123.54.

28.     Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

29.     By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant

Abdullah has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Second Cause of Action**
**Declaratory Judgment Against Khalid Abdullah for Breach of Contract**

30.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

31.     The claim filed by Defendant Abdullah in California alleges and seeks compensation for physical conditions suffered by Defendant Abdullah stemming from his entire employment as a professional football player.

32.     Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Abdullah's employment with the Bengals.

33.     Despite agreeing to the terms of the Contract, Defendant Abdullah has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

34.     There is an actual and existing controversy between the Bengals and Defendant Abdullah concerning their respective rights and duties under the Contract.

35.     Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

36.     By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Abdullah has

arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Third Cause of Action
### Injunction Against Khalid Abdullah for Violation of R.C. 4123.54(H)

37.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

38.     Defendant Abdullah has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54. Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

39.     The Bengals will prevail on the merits of their declaratory judgment claim. The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Abdullah's alleged injury.

40.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

41.     No third parties will be unjustifiably harmed if the injunction is granted.

42.     The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

43.     Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Abdullah from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

44.     Unless Defendant Abdullah is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

45.     The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Fourth Cause of Action
### Injunction Against Khalid Abdullah for Breach of Contract

46.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

47.     Defendant Abdullah has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

48.      The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Abdullah's alleged injury.

49.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

11657983.1

50.     No third parties will be unjustifiably harmed if the injunction is granted.

51.     The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

52.     Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Abdullah from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

53.     Unless Defendant Abdullah is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

**Fifth Cause of Action**
**Declaratory Judgment Against Sam Adams—**
**Violation of R.C. § 4123.54(H)**

54.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

55.     Defendant Adams was a member of several NFL teams throughout his career and was a member of the Bengals during the 2006 season.

56.     In March 2006, Defendant Adams entered into a written employment contract with the Bengals (the "Contract").

57.     Defendant Adams signed and dated both the Contract and Addendum No. 5 thereto, which stated that any and all claims arising out of Defendant Adams' employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

58.     Defendant Adams attended regular practices and participated in regular games in the state of Ohio.

59.     Defendant Adams did not suffer any injury in the state of California, Defendant Adams did not attend regular practices in the state of California, and Defendant Adams did not participate in any games in California while employed with the Bengals.

60.     On or about January 2009, Defendant Adams filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

61.     The claim filed by Defendant Adams in California alleges and seeks compensation for physical conditions suffered by Defendant Adams stemming from his entire employment as a professional football player.

62.     Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Adams's employment with the Bengals.

63.     Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Adams has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

64.     There is an actual and existing controversy between the Bengals and Defendant Adams concerning their respective rights and duties under R.C. §4123.54.

65.     Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

66.     By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Adams has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Sixth Cause of Action
### Declaratory Judgment Against Sam Adams for Breach of Contract

67.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

68.     The claim filed by Defendant Adams in California alleges and seeks compensation for physical conditions suffered by Defendant Adams stemming from his entire employment as a professional football player.

69.     Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Adams's employment with the Bengals.

70.     Despite agreeing to the terms of the Contract, Defendant Adams has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

11657983.1

71.     There is an actual and existing controversy between the Bengals and Defendant Adams concerning their respective rights and duties under the Contract.

72.     Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

73.     By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Adams has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Seventh Cause of Action
## Injunction Against Sam Adams for Violation of R.C. 4123.54(H)

74.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

75.     Defendant Adams has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

76.      The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Adams's alleged injury.

77.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

13

78.     No third parties will be unjustifiably harmed if the injunction is granted.

79.     The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

80.     Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Adams from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

81.     Unless Defendant Adams is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

82.     The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Eighth Cause of Action
### Injunction Against Sam Adams for Breach of Contract

83.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

84.     Defendant Adams has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

85.      The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be

14

brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Adams's alleged injury.

86.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

87.    No third parties will be unjustifiably harmed if the injunction is granted.

88.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

89.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Adams from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

90.    Unless Defendant Adams is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Ninth Cause of Action
### Declaratory Judgment Against Marco Battaglia—
### Violation of R.C. § 4123.54(H)

91.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

92.    Defendant Battaglia was a member of several NFL teams throughout his career and was a member of the Bengals from 1996 until 2001.

93.    In July 1996, Defendant Battaglia entered into a written employment contract with the Bengals (the "1996 Contract").

15

11657983.1

94.     Defendant Battaglia signed and dated both the 1996 Contract and Addendum No. 2 thereto, which stated that any and all claims arising out of Defendant Battaglia's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

95.     In May 1999, Defendant Battaglia entered into another written employment contract with the Bengals (the "1999 Contract," collectively with the 1996 Contract, the "Contracts").

96.     Defendant Battaglia signed and dated both the 1999 Contract and Addendum No. 5 thereto, which required that any and all claims arising out of Defendant Battaglia's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

97.     Defendant Battaglia attended regular practices and participated in regular games in the state of Ohio.

98.     Defendant Battaglia does not reside in the state of California (and upon information and belief has never lived in California), Defendant Battaglia did not suffer any injury in the state of California, Defendant Battaglia did not attend regular practices in the state of California, and Defendant Battaglia participated in, at the most, only four games in California while employed with the Bengals.

99.     On or about July 2008, Defendant Battaglia filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

11657983.1

100.    The claim filed by Defendant Battaglia in California alleges and seeks compensation for physical conditions suffered by Defendant Battaglia stemming from his entire employment as a professional football player.

101.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Battaglia's employment with the Bengals.

102.    Despite the clear statutory command of R.C. §  4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Battaglia has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

103.    There is an actual and existing controversy between the Bengals and Defendant Battaglia concerning their respective rights and duties under R.C. §4123.54.

104.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

105.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Battaglia has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Tenth Cause of Action**
**Declaratory Judgment Against Marco Battaglia for Breach of Contract**

106.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

107.    The claim filed by Defendant Battaglia in California alleges and seeks compensation for physical conditions suffered by Defendant Battaglia stemming from his entire employment as a professional football player.

108.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Battaglia's employment with the Bengals.

109.    Despite agreeing to the terms of the Contracts, Defendant Battaglia has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

110.    There is an actual and existing controversy between the Bengals and Defendant Battaglia concerning their respective rights and duties under the Contracts.

111.    Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

112.    By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Battaglia has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

11657983.1

## Eleventh Cause of Action
## Injunction Against Marco Battaglia for Violation of R.C. 4123.54(H)

113. The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

114. Defendant Battaglia has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54. Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

115. The Bengals will prevail on the merits of their declaratory judgment claim. The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Battaglia's alleged injury.

116. A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

117. No third parties will be unjustifiably harmed if the injunction is granted.

118. The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

119. Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Battaglia from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

11657983.1

120.    Unless Defendant Battaglia is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

121.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Twelfth Cause of Action
### Injunction Against Marco Battaglia for Breach of Contract

122.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

123.    Defendant Battaglia has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

124.    The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Battaglia's alleged injury.

125.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

126.    No third parties will be unjustifiably harmed if the injunction is granted.

127.     The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

128.     Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Battaglia from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

129.     Unless Defendant Battaglia is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

**Thirteenth Cause of Action**
**Declaratory Judgment Against Rogers Beckett—**
**Violation of R.C. § 4123.54(H)**

130.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

131.     Defendant Beckett was a member of two NFL teams throughout his career and was a member of the Bengals from the 2003 season through the 2004 season.

132.     In March 2004, Defendant Beckett entered into a written employment contract with the Bengals (the "Contract").

133.     Defendant Beckett signed and dated both the Contract and Addendum No. 2 thereto, which stated that any and all claims arising out of Defendant Beckett's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

21

134.    Defendant Beckett attended regular practices and participated in regular games in the state of Ohio.

135.    Defendant Beckett does not reside in the state of California, Defendant Beckett did not suffer any injury in the state of California, Defendant Beckett did not attend regular practices in the state of California, and Defendant Beckett participated in only two games in California while employed with the Bengals.

136.    On or about July 2008, Defendant Beckett filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

137.    The claim filed by Defendant Beckett in California alleges and seeks compensation for physical conditions suffered by Defendant Beckett stemming from his entire employment as a professional football player.

138.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Beckett's employment with the Bengals.

139.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Beckett has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

11657983.1

140.    There is an actual and existing controversy between the Bengals and Defendant Beckett concerning their respective rights and duties under R.C. §4123.54.

141.    Prompt relief is necessary to preserve the rights of the Bengals under the R.C. §4123.54.

142.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Beckett has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Fourteenth Cause of Action
## Declaratory Judgment Against Rogers Beckett for Breach of Contract

143.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

144.    The claim filed by Defendant Beckett in California alleges and seeks compensation for physical conditions suffered by Defendant Beckett stemming from his entire employment as a professional football player.

145.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Beckett's employment with the Bengals.

146.    Despite agreeing to the terms of the Contract, Defendant Beckett has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

23

147.    There is an actual and existing controversy between the Bengals and Defendant Beckett concerning their respective rights and duties under the Contract.

148.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

149.    By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Beckett has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Fifteenth Cause of Action
### Injunction Against Rogers Beckett for Violation of R.C. 4123.54(H)

150.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

151.    Defendant Beckett has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

152.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Beckett's alleged injury.

153.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

24

154. No third parties will be unjustifiably harmed if the injunction is granted.

155. The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

156. Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Beckett from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

157. Unless Defendant Beckett is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

158. The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Sixteenth Cause of Action
### Injunction Against Rogers Beckett for Breach of Contract

159. The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

160. Defendant Beckett has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract. Defendant's breach is interfering with the Bengals' rights under the Contract.

161. The Bengals will prevail on the merits of their declaratory judgment claim. The parties entered into a valid written contract mandating that claims be

25

brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Beckett's alleged injury.

162.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

163.    No third parties will be unjustifiably harmed if the injunction is granted.

164.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

165.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Beckett from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

166.    Unless Defendant Beckett is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Seventeenth Cause of Action
### Declaratory Judgment Against Duane Clemons—
### Violation of R.C. § 4123.54(H)

167.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

168.    Defendant Clemons was a member of several NFL teams throughout his career and was a member of the Bengals from 2003 until 2005.

26

169.    In May 2003, Defendant Clemons entered into a written employment contract with the Bengals (the "2003 Contract").

170.    Defendant Clemons signed and dated both the 2003 Contract and Addendum No. 4 thereto, which stated that any and all claims arising out of Defendant Clemons's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

171.    In July 2004, Defendant Clemons entered into another written employment contract with the Bengals (the "2004 Contract," collectively with the 2003 Contract, the "Contracts").

172.    Defendant Clemons signed and dated both the 2004 Contract and Addendum No. 5 thereto, which required that any and all claims arising out of Defendant Clemons's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

173.    Defendant Clemons attended regular practices and participated in regular games in the state of Ohio.

174.    Defendant Clemons did not suffer any injury in the state of California, Defendant Clemons did not attend regular practices in the state of California, and Defendant Clemons participated in only two games in California while employed with the Bengals.

175.    On or about July 2007, Defendant Clemons filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

27

11657983.1

176.    The claim filed by Defendant Clemons in California alleges and seeks compensation for physical conditions suffered by Defendant Clemons stemming from his entire employment as a professional football player.

177.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Clemons's employment with the Bengals.

178.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Clemons has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

179.    There is an actual and existing controversy between the Bengals and Defendant Clemons concerning their respective rights and duties under R.C. §4123.54.

180.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

181.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Clemons has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

28

**Eighteenth Cause of Action**
**Declaratory Judgment Against Duane Clemons for Breach of Contract**

182.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

183.    The claim filed by Defendant Clemons in California alleges and seeks compensation for physical conditions suffered by Defendant Clemons stemming from his entire employment as a professional football player.

184.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Clemons' employment with the Bengals.

185.    Despite agreeing to the terms of the Contracts, Defendant Clemons has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

186.    There is an actual and existing controversy between the Bengals and Defendant Clemons concerning their respective rights and duties under the Contracts.

187.    Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

188.    By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Clemons has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Nineteenth Cause of Action
## Injunction Against Duane Clemons for Violation of R.C. 4123.54(H)

189.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

190.    Defendant Clemons has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

191.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Clemons's alleged injury.

192.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

193.    No third parties will be unjustifiably harmed if the injunction is granted.

194.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

195.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Clemons from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

196.     Unless Defendant Clemons is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

197.     The Bengals seek an expedited hearing on their request for a preliminary injunction.

## Twentieth Cause of Action
## Injunction Against Duane Clemons for Breach of Contract

198.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

199.     Defendant Clemons has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

200.      The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Clemons's alleged injury.

201.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

202.     No third parties will be unjustifiably harmed if the injunction is granted.

31

203.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

204.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Clemons from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

205.    Unless Defendant Clemons is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

**Twenty-First Cause of Action**
**Declaratory Judgment Against Ron Dugans for Breach of Contract**

206.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

207.    Defendant Dugans was a member of the Bengals from the 2000 season until the 2003 season.

208.    In July 2000, Defendant Dugans entered into a written employment contract with the Bengals (the "2000 Contract").

209.    Defendant Dugans signed and dated both the 2000 Contract and Addendum No. 2 thereto, which stated that any and all claims arising out of Defendant Dugans's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

11657983.1

210. In April 2003, Defendant Dugans entered into another written employment contract with the Bengals (the "2003 Contract," collectively with the 2000 contract, the "Contracts").

211. Defendant Dugans signed and dated both the 2003 Contract and Addendum No. 1 thereto, which required that any and all claims arising out of Defendant Dugans's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

212. Defendant Dugans attended regular practices and participated in regular games in the state of Ohio.

213. Defendant Dugans does not reside in the state of California (and upon information and belief has never lived in California), Defendant Dugans did not suffer any injury in the state of California, Defendant Dugans did not attend regular practices in the state of California, and Defendant Dugans participated in only one game in California while employed with the Bengals.

214. On or about January 2008, Defendant Dugans filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

215. The claim filed by Defendant Dugans in California alleges and seeks compensation for physical conditions suffered by Defendant Dugans stemming from his entire employment as a professional football player.

33

216.     The claim filed by Defendant Dugans in California alleges and seeks compensation for physical conditions suffered by Defendant Dugans stemming from his entire employment as a professional football player.

217.     Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Dugans's employment with the Bengals.

218.     Despite agreeing to the terms of the Contracts, Defendant Dugans has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

219.     There is an actual and existing controversy between the Bengals and Defendant Dugans concerning their respective rights and duties under the Contracts.

220.     Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

221.     By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Dugans has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Twenty-Second Cause of Action
## Injunction Against Ron Dugans for Breach of Contract

222.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

11657983.1

223. Defendant Dugans has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts. Defendant's breach is interfering with the Bengals' rights under the Contracts.

224. The Bengals will prevail on the merits of their declaratory judgment claim. The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Dugans's alleged injury.

225. A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

226. No third parties will be unjustifiably harmed if the injunction is granted.

227. The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

228. Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Dugans from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

229. Unless Defendant Dugans is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Twenty-Third Cause of Action
### Declaratory Judgment Against David Dunn—
### Violation of R.C. § 4123.54(H)

230.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

231.    Defendant Dunn was a member of several teams throughout his career and was a member of the Bengals from the 1995 season through the 1998 season.

232.    In July 1995, Defendant Dunn entered into a written employment contract with the Bengals (the "1995 Contract").

233.    Defendant Dunn signed and dated both the 1995 Contract and Addendum No. 5 thereto, which stated that any and all claims arising out of Defendant Dunn's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

234.    In April 1998, Defendant Dunn entered into another written employment contract with the Bengals (the "1998 Contract," collectively with the 1995 contract, the "Contracts").

235.    Defendant Dunn signed and dated both the 1998 Contract and Addendum No. 2 thereto, which required that any and all claims arising out of Defendant Dunn's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

236.    Defendant Dunn attended regular practices and participated in regular games in the state of Ohio.

237.    Defendant Dunn did not suffer any injury in the state of California, Defendant Dunn did not attend regular practices in the state of California, and

Defendant Dunn participated in only two to three games in California while employed with the Bengals.

238.    On or about September 2006, Defendant Dunn filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

239.    The claim filed by Defendant Dunn in California alleges and seeks compensation for physical conditions suffered by Defendant Dunn stemming from his entire employment as a professional football player.

240.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Dunn's employment with the Bengals.

241.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Dunn has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

242.    There is an actual and existing controversy between the Bengals and Defendant Dunn concerning their respective rights and duties under R.C. §4123.54.

243.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

244.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Dunn has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Twenty-Fourth Cause of Action**
**Declaratory Judgment Against David Dunn for Breach of Contract**

245.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

246.    The claim filed by Defendant Dunn in California alleges and seeks compensation for physical conditions suffered by Defendant Dunn stemming from his entire employment as a professional football player.

247.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Dunn's employment with the Bengals.

248.    Despite agreeing to the terms of the Contracts, Defendant Dunn has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

249.    There is an actual and existing controversy between the Bengals and Defendant Dunn concerning their respective rights and duties under the Contracts.

250.    Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

38

251.    By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Dunn has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Twenty-Fifth Cause of Action
### Injunction Against David Dunn for Violation of R.C. 4123.54(H)

252.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

253.    Defendant Dunn has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

254.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Dunn's alleged injury.

255.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

256.    No third parties will be unjustifiably harmed if the injunction is granted.

257.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

258.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Dunn from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

259.    Unless Defendant Dunn is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

260.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

## Twenty-Sixth Cause of Action
## Injunction Against David Dunn for Breach of Contract

261.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

262.    Defendant Dunn has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

263.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Dunn's alleged injury.

264.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

40

265.    No third parties will be unjustifiably harmed if the injunction is granted.

266.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

267.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Dunn from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

268.    Unless Defendant Dunn is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

**Twenty-Seventh Cause of Action
Declaratory Judgment Against Chris Edmonds—
Violation of R.C. § 4123.54(H)**

269.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

270.    Defendant Edmonds was a member of the Bengals from the 2002 season through the 2003 season.

271.    In April 2001, Defendant Edmonds entered into a written employment contract with the Bengals (the "April 2001 Contract").

272.    Defendant Edmonds signed and dated both the April 2001 Contract and Addendum No. 4 thereto, which stated that any and all claims arising out of Defendant Edmonds's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

41

273.     In December 2001, Defendant Edmonds entered into another written employment contract with the Bengals (the "December 2001 Contract," collectively with the April 2001 Contract, the "Contracts").

274.     Defendant Edmonds signed and dated both the December 2001 Contract and Addendum No. 4 thereto, which required that any and all claims arising out of Defendant Edmonds's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

275.     In November 2002, Defendant Edmonds entered into another written employment contract with the Bengals (collectively with the "December 2001 Contract," and the April 2001 Contract, the "Contracts").

276.     Defendant Edmonds signed and dated both the November 2002 Contract and Addendum No. 3 thereto, which required that any and all claims arising out of Defendant Edmonds's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

277.     Defendant Edmonds attended regular practices and participated in regular games in the state of Ohio.

278.     Defendant Edmonds did not suffer any injury in the state of California, Defendant Edmonds did not attend regular practices in the state of California, and Defendant Edmonds participated in only one game in California while employed with the Bengals.

11657983.1

279.    On or about June 2007, Defendant Edmonds filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

280.    The claim filed by Defendant Edmonds in California alleges and seeks compensation for physical conditions suffered by Defendant Edmonds stemming from his entire employment as a professional football player.

281.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Edmonds's employment with the Bengals.

282.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Edmonds has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

283.    There is an actual and existing controversy between the Bengals and Defendant Edmonds concerning their respective rights and duties under R.C. §4123.54.

284.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

285.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant

43

Edmonds has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Twenty-Eighth Cause of Action**
**Declaratory Judgment Against Chris Edmonds for Breach of Contract**

286.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

287.     The claim filed by Defendant Edmonds in California alleges and seeks compensation for physical conditions suffered by Defendant Edmonds stemming from his entire employment as a professional football player.

288.     Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Edmonds's employment with the Bengals.

289.     Despite agreeing to the terms of the Contracts, Defendant Edmonds has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

290.     There is an actual and existing controversy between the Bengals and Defendant Edmonds concerning their respective rights and duties under the Contracts.

291.     Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

292.     By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant

44

Edmonds has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Twenty-Ninth Cause of Action
### Injunction Against Chris Edmonds for Violation of R.C. 4123.54(H)

293.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

294.    Defendant Edmonds has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

295.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Edmonds's alleged injury.

296.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

297.    No third parties will be unjustifiably harmed if the injunction is granted.

298.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

299.   Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Edmonds from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

300.   Unless Defendant Edmonds is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

301.   The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Thirtieth Cause of Action
### Injunction Against Chris Edmonds for Breach of Contract

302.   The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

303.   Defendant Edmonds has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

304.    The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Edmonds's alleged injury.

305.   A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

46

306.    No third parties will be unjustifiably harmed if the injunction is granted.

307.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

308.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Edmonds from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

309.    Unless Defendant Edmonds is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Thirty-First Cause of Action
### Declaratory Judgment Against Kevin Hardy—
### Violation of R.C. § 4123.54(H)

310.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

311.    Defendant Hardy was a member of several NFL teams throughout his career and was a member of the Bengals from 2003 until 2004.

312.    In March 2003, Defendant Hardy entered into a written employment contract with the Bengals (the "Contract").

313.    Defendant Hardy signed and dated both the Contract and Addendum No. 6 thereto, which stated that any and all claims arising out of Defendant Hardy's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

314.    Defendant Hardy attended regular practices and participated in regular games in the state of Ohio.

315.    Defendant Hardy does not reside in the state of California (and upon information and belief has never lived in California), Defendant Hardy did not suffer any injury in the state of California, Defendant Hardy did not attend regular practices in the state of California, and Defendant Hardy participated in only two games in California while employed with the Bengals.

316.    On or about January 2009, Defendant Hardy filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

317.    The claim filed by Defendant Hardy in California alleges and seeks compensation for physical conditions suffered by Defendant Hardy stemming from his entire employment as a professional football player.

318.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Hardy's employment with the Bengals.

319.    Despite the clear statutory command of R.C. §  4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Hardy has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

11657983.1

320.    There is an actual and existing controversy between the Bengals and Defendant Hardy concerning their respective rights and duties under R.C. §4123.54.

321.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

322.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Hardy has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Thirty-Second Cause of Action**
**Declaratory Judgment Against Kevin Hardy for breach of contract**

323.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

324.    The claim filed by Defendant Hardy in California alleges and seeks compensation for physical conditions suffered by Defendant Hardy stemming from his entire employment as a professional football player.

325.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Hardy's employment with the Bengals.

326.    Despite agreeing to the terms of the Contract, Defendant Hardy has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

11657983.1

327.     There is an actual and existing controversy between the Bengals and Defendant Hardy concerning their respective rights and duties under the Contract.

328.     Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

329.     By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Hardy has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Thirty-Third Cause of Action
### Injunction Against Kevin Hardy for violation of R.C. 4123.54(H)

330.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

331.     Defendant Hardy has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

332.      The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Hardy's alleged injury.

333.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

334.    No third parties will be unjustifiably harmed if the injunction is granted.

335.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

336.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Hardy from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

337.    Unless Defendant Hardy is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

338.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Thirty-Fourth Cause of Action
### Injunction Against Kevin Hardy for breach of contract

339.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

340.    Defendant Hardy has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

341.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be

51

brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Hardy's alleged injury.

342.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

343.    No third parties will be unjustifiably harmed if the injunction is granted.

344.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

345.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Hardy from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

346.    Unless Defendant Hardy is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Thirty-Fifth Cause of Action
### Declaratory Judgment Against Rodney Heath—
### Violation of R.C. § 4123.54(H)

347.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

348.    Defendant Heath was a member of several NFL teams throughout his career and was a member of the Bengals from the 2000 season through the 2002 season.

349.     In January 1999, Defendant Heath entered into a written employment contract with the Bengals (the "1999 Contract").

350.     Defendant Heath signed and dated both the 1999 Contract and Addendum No. 4 thereto, which stated that any and all claims arising out of Defendant Heath's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

351.     In February 2001, Defendant Heath entered into another written employment contract with the Bengals (the "2001 Contract").

352.     Defendant Heath signed and dated both the 2001 Contract and Addendum No. 2 thereto, which required that any and all claims arising out of Defendant Heath's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

353.     In July 2002, Defendant Heath entered into another written employment contract with the Bengals (the "2002 Contract," collectively with the 1999 Contract and the 2001 Contract, the "Contracts").

354.     Defendant Heath signed and dated both the 2002 Contract and Addendum No. 3 thereto, which required that any and all claims arising out of Defendant Heath's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

355.     Defendant Heath attended regular practices and participated in regular games in the state of Ohio.

11657983.1

356.    Defendant Heath does not reside in the state of California (and upon information and belief has never lived in California), Defendant Heath did not suffer any injury in the state of California, Defendant Heath did not attend regular practices in the state of California, and Defendant Heath participated in only one game in California while employed with the Bengals.

357.    On or about October 2008, Defendant Heath filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

358.    The claim filed by Defendant Heath in California alleges and seeks compensation for physical conditions suffered by Defendant Heath stemming from his entire employment as a professional football player.

359.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Heath's employment with the Bengals.

360.    Despite the clear statutory command of R.C. §  4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Heath has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

361.    There is an actual and existing controversy between the Bengals and Defendant Heath concerning their respective rights and duties under R.C. §4123.54.

11657983.1

362.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

363.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Heath has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Thirty-Sixth Cause of Action**
**Declaratory Judgment Against Rodney Heath for breach of contract**

364.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

365.    The claim filed by Defendant Heath in California alleges and seeks compensation for physical conditions suffered by Defendant Heath stemming from his entire employment as a professional football player.

366.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Heath's employment with the Bengals.

367.    Despite agreeing to the terms of the Contracts, Defendant Heath has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

368.    There is an actual and existing controversy between the Bengals and Defendant Heath concerning their respective rights and duties under the Contracts.

369.    Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

370.    By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Heath has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Thirty-Seventh Cause of Action
### Injunction Against Rodney Heath for violation of R.C. 4123.54(H)

371.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

372.    Defendant Heath has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

373.    The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Heath's alleged injury.

374.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

375.    No third parties will be unjustifiably harmed if the injunction is granted.

376.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

377.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Heath from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

378.    Unless Defendant Heath is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

379.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

**Thirty-Eighth Cause of Action**
**Injunction Against Rodney Heath for breach of contract**

380.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

381.    Defendant Heath has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

382.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Heath's alleged injury.

57

383.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

384.    No third parties will be unjustifiably harmed if the injunction is granted.

385.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

386.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Heath from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

387.    Unless Defendant Heath is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Thirty-Ninth Cause of Action
### Declaratory Judgment Against Nick Luchey[3]—
### Violation of R.C. § 4123.54(H)

388.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

389.    Defendant Luchey was a member of the Bengals from the 1999 season through the 2002 season and the 2005 season.

390.    In May 1999, Defendant Luchey entered into a written employment contract with the Bengals (the "1999 Contract").

---

[3] Nick Luchey formerly went by the name Nick Williams, as reflected in the 1999 Contract and the 2002 Contract.

391.     Defendant Luchey signed and dated both the 1999 Contract and Addendum No. 4 thereto, which required that any and all claims arising out of Defendant Luchey's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

392.     In April 2002, Defendant Luchey entered into another written employment contract with the Bengals (the "2002 Contract").

393.     Defendant Luchey signed and dated both the 2002 Contract and Addendum No. 1 thereto, which stated that any and all claims arising out of Defendant Luchey's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

394.     In September 2005, Defendant Luchey entered into another written employment contract with the Bengals (the "2005 Contract," collectively with the 1999 Contract and the 2002 Contract, the "Contracts").

395.     Defendant Luchey signed and dated both the 2005 Contract and Addendum No. 3 thereto, which required that any and all claims arising out of Defendant Luchey's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

396.     Defendant Luchey attended regular practices and participated in regular games in the state of Ohio.

59

397.    Defendant Luchey does not reside in the state of California (and upon information and belief has never lived in California), Defendant Luchey did not suffer any injury in the state of California, Defendant Luchey did not attend regular practices in the state of California, and Defendant Luchey participated in, at the most, one game in California while employed with the Bengals.

398.    On or about August 2009, Defendant Luchey filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

399.    The claim filed by Defendant Luchey in California alleges and seeks compensation for physical conditions suffered by Defendant Luchey stemming from his entire employment as a professional football player.

400.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Luchey's employment with the Bengals.

401.    Despite the clear statutory command of R.C. §  4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Luchey has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

402.    There is an actual and existing controversy between the Bengals and Defendant Luchey concerning their respective rights and duties under R.C. §4123.54.

403.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

404.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Luchey has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Fortieth Cause of Action
### Declaratory Judgment Against Nick Luchey for breach of contract

405.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

406.    The claim filed by Defendant Luchey in California alleges and seeks compensation for physical conditions suffered by Defendant Luchey stemming from his entire employment as a professional football player.

407.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Luchey's employment with the Bengals.

408.    Despite agreeing to the terms of the Contracts, Defendant Luchey has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

409.    There is an actual and existing controversy between the Bengals and Defendant Luchey concerning their respective rights and duties under the Contracts.

410.    Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

411.    By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Luchey has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Forty-First Cause of Action
## Injunction Against Nick Luchey for violation of R.C. 4123.54(H)

412.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

413.    Defendant Luchey has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

414.    The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Luchey's alleged injury.

415.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

416.    No third parties will be unjustifiably harmed if the injunction is granted.

417.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

418.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Luchey from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

419.    Unless Defendant Luchey is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

420.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

**Forty-Second Cause of Action**
**Injunction Against Nick Luchey for breach of contract**

421.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

422.    Defendant Luchey has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

423.    The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Luchey's alleged injury.

63

424.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

425.    No third parties will be unjustifiably harmed if the injunction is granted.

426.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

427.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Luchey from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

428.    Unless Defendant Luchey is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Forty-Third Cause of Action
### Declaratory Judgment Against Tremain Mack—
### Violation of R.C. § 4123.54(H)

429.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

430.    Defendant Mack was a member of the Bengals from the 1997 season through the 2000 season.

431.    In June 1997, Defendant Mack entered into a written employment contract with the Bengals (the "1997 Contract").

432.    Defendant Mack signed and dated both the 1997 Contract and Addendum No. 3 thereto, which required that any and all claims arising out of Defendant Mack's

64

employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

433.    In June 1999, Defendant Mack entered into another written employment contract with the Bengals (the "1999 Contract").

434.    Defendant Mack signed and dated both the 1999 Contract and Addendum No. 3 thereto, which stated that any and all claims arising out of Defendant Mack's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

435.    In September 2000, Defendant Mack entered into another written employment contract with the Bengals (the "2000 Contract," collectively with the 1997 Contract and the 1999 Contract, the "Contracts").

436.    Defendant Mack signed and dated both the 2000 Contract and Addendum No. 5 thereto, which required that any and all claims arising out of Defendant Mack's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

437.    Defendant Mack attended regular practices and participated in regular games in the state of Ohio.

438.    Defendant Mack does not reside in the state of California (and upon information and belief has never lived in California), Defendant Mack did not suffer any injury in the state of California, Defendant Mack did not attend regular practices in the state of California, and Defendant Mack participated in only one game in California while employed with the Bengals.

65

439.    On or about February 2009, Defendant Mack filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

440.    The claim filed by Defendant Mack in California alleges and seeks compensation for physical conditions suffered by Defendant Mack stemming from his entire employment as a professional football player.

441.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Mack's employment with the Bengals.

442.    Despite the clear statutory command of R.C. §  4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Mack has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

443.    There is an actual and existing controversy between the Bengals and Defendant Mack concerning their respective rights and duties under R.C. §4123.54.

444.    Prompt relief is necessary to preserve the rights of the Bengals under the R.C. §4123.54.

445.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Mack

has arising from his employment with the Bengals are subject to the exclusive

jurisdiction of Ohio's courts and workers' compensation laws.

**Forty-Fourth Cause of Action**
**Declaratory Judgment Against Tremain Mack for breach of contract**

446.    The Bengals incorporate the previous allegations of the Complaint as if

fully restated herein.

447.    The claim filed by Defendant Mack in California alleges and seeks

compensation for physical conditions suffered by Defendant Mack stemming from his

entire employment as a professional football player.

448.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all

claims arising for workers' compensation from Defendant Mack's employment with the

Bengals.

449.    Despite agreeing to the terms of the Contracts, Defendant Mack has

sought relief under the workers' compensation laws of California for "cumulative"

trauma stemming from his employment as a professional football player.

450.    There is an actual and existing controversy between the Bengals and

Defendant Mack concerning their respective rights and duties under the Contracts.

451.    Prompt relief is necessary to preserve the rights of the Bengals under the

Contracts.

452.    By the express terms of the Contracts and applicable Ohio law, the

Bengals are entitled to a declaratory judgment that any and all claims Defendant Mack

67

has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Forty-Fifth Cause of Action
### Injunction Against Tremain Mack for violation of R.C. 4123.54(H)

453.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

454.    Defendant Mack has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

455.    The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Mack's alleged injury.

456.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

457.    No third parties will be unjustifiably harmed if the injunction is granted.

458.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

459.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Mack from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

460.    Unless Defendant Mack is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

461.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Forty-Sixth Cause of Action
### Injunction Against Tremain Mack for breach of contract

462.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

463.    Defendant Mack has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

464.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Mack's alleged injury.

465.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

69

466.   No third parties will be unjustifiably harmed if the injunction is granted.

467.   The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

468.   Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Mack from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

469.   Unless Defendant Mack is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

**Forty-Seventh Cause of Action
Declaratory Judgment Against Timothy McGee—
Violation of R.C. § 4123.54(H)**

470.   The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

471.   Defendant Tim McGee was a member two NFL teams throughout his career and a member of the Bengals from the 1986 season through the 1992 season and the 1994 season.

472.   In April 1995, Defendant Tim McGee entered into a written employment contract with the Bengals (the "Contract").

473.   Defendant Tim McGee signed and dated both the Contract and Addendum No. 2 thereto, which required that any and all claims arising out of Defendant Tim McGee's employment with the Bengals shall be subject exclusively to the

workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

474.    Defendant Tim McGee attended regular practices and participated in regular games in the state of Ohio.

475.    Defendant Tim McGee does not reside in the state of California (and upon information and belief has never lived in California), Defendant Tim McGee did not suffer any injury in the state of California, Defendant Tim McGee did not attend regular practices in the state of California, and Defendant Tim McGee participated in only one game in California during the 1994 season.

476.    On or about April 2009, Defendant Tim McGee filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

477.    The claim filed by Defendant Tim McGee in California alleges and seeks compensation for physical conditions suffered by Defendant Tim McGee stemming from his entire employment as a professional football player.

478.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Tim McGee's employment with the Bengals.

479.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Tim McGee has sought relief under the workers' compensation

laws of California for "cumulative" trauma stemming from his employment as a professional football player.

480.    There is an actual and existing controversy between the Bengals and Defendant Tim McGee concerning their respective rights and duties under R.C. §4123.54.

481.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

482.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Tim McGee has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Forty-Eighth Cause of Action
### Declaratory Judgment Against Timothy McGee for breach of contract

483.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

484.    The claim filed by Defendant Tim McGee in California alleges and seeks compensation for physical conditions suffered by Defendant Tim McGee stemming from his entire employment as a professional football player.

485.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Tim McGee's employment with the Bengals.

486.    Despite agreeing to the terms of the Contract, Defendant Tim McGee has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

487.    There is an actual and existing controversy between the Bengals and Defendant Tim McGee concerning their respective rights and duties under the Contract.

488.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

489.    By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Tim McGee has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Forty-Ninth Cause of Action
## Injunction Against Timothy McGee for violation of R.C. 4123.54(H)

490.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

491.    Defendant Tim McGee has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

492.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Tim McGee's alleged injury.

493.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

494.    No third parties will be unjustifiably harmed if the injunction is granted.

495.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

496.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Tim McGee from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

497.    Unless Defendant Tim McGee is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

498.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Fiftieth Cause of Action
### Injunction Against Timothy McGee for breach of contract

499.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

11657983.1

500.    Defendant Tim McGee has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

501.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Tim McGee's alleged injury.

502.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

503.    No third parties will be unjustifiably harmed if the injunction is granted.

504.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

505.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Tim McGee from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

506.    Unless Defendant Tim McGee is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

## Fifty-First Cause of Action
## Declaratory Judgment Against Tony McGee for breach of contract

507.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

508.    Defendant Tony McGee was a member of several NFL teams throughout his career and was a member of the Bengals from the 1993 season through the 2001 season.

509.    In July 1996, Defendant Tony McGee entered into a written employment contract with the Bengals (the "1996 Contract").

510.    Defendant Tony McGee signed and dated both the 1996 Contract and Addendum No. 4 thereto, which stated that any and all claims arising out of Defendant McGee's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

511.    In December 1999, Defendant Tony McGee entered into another written employment contract with the Bengals (the "1999 Contract," collectively with the 1996 Contract, the "Contracts").

512.    Defendant Tony McGee signed and dated both the 1999 Contract and Addendum No. 4 thereto, which required that any and all claims arising out of Defendant Tony McGee's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

513.    Defendant Tony McGee attended regular practices and participated in regular games in the state of Ohio.

11657983.1

514. Defendant Tony McGee does not reside in the state of California (and upon information and belief has never lived in California), Defendant Tony McGee did not suffer any injury in the state of California, Defendant Tony McGee did not attend regular practices in the state of California, and Defendant Tony McGee participated in only three to four games in California while employed with the Bengals from the 1996 season through the 2001 season.

515. On or about March 2008, Defendant Tony McGee filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

516. The claim filed by Defendant Tony McGee in California alleges and seeks compensation for physical conditions suffered by Defendant Tony McGee stemming from his entire employment as a professional football player.

517. Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Tony McGee's employment with the Bengals.

518. Despite agreeing to the terms of the Contracts, Defendant Tony McGee has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

519. There is an actual and existing controversy between the Bengals and Defendant Tony McGee concerning their respective rights and duties under the Contracts.

520.     Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

521.     By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Tony McGee has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Fifty-Second Cause of Action
### Injunction Against Tony McGee for breach of contract

522.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

523.     Defendant Tony McGee has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

524.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Tony McGee's alleged injury.

525.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

526.     No third parties will be unjustifiably harmed if the injunction is granted.

527.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

528.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Tony McGee from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

529.    Unless Defendant Tony McGee is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

## Fifty-Third Cause of Action
## Declaratory Judgment Against Reggie Myles—
## Violation of R.C. § 4123.54(H)

530.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

531.    Defendant Myles was a member of the Bengals from the 2002 season through the 2005 season.

532.    In April 2002, Defendant Myles entered into a written employment contract with the Bengals (the "2002 Contract").

533.    Defendant Myles signed and dated both the 2002 Contract and Addendum No. 3 thereto, which stated that any and all claims arising out of Defendant Myles's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

534.    In March 2004, Defendant Myles entered into another written employment contract with the Bengals (the "2004 Contract").

535.    Defendant McGee signed and dated both the 2004 Contract and Addendum No. 1 thereto, which required that any and all claims arising out of Defendant Myles's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

536.    In April 2005, Defendant Myles entered into another written employment contract with the Bengals (the "2005 Contract," collectively with the 2002 Contract and the 2004 Contract, the "Contracts").

537.    Defendant Myles signed and dated both the 2005 Contract and Addendum No. 2 thereto, which required that any and all claims arising out of Defendant Myles's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

538.    Defendant Myles attended regular practices and participated in regular games in the state of Ohio.

539.    Defendant Myles does not reside in the state of California (and upon information and belief has never lived in California), Defendant Myles did not suffer any injury in the state of California, Defendant Myles did not attend regular practices in the state of California, and Defendant Myles participated in only two games in California while employed with the Bengals.

540.    On or about February 2009, Defendant Myles filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

541.    The claim filed by Defendant Myles in California alleges and seeks compensation for physical conditions suffered by Defendant Myles stemming from his entire employment as a professional football player.

542.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Myles's employment with the Bengals.

543.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Myles has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

544.    There is an actual and existing controversy between the Bengals and Defendant Myles concerning their respective rights and duties under R.C. §4123.54.

545.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

546.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Myles

81

has arising from his employment with the Bengals are subject to the exclusive

jurisdiction of Ohio's courts and workers' compensation laws.

**Fifty-Fourth Cause of Action**
**Declaratory Judgment Against Reggie Myles for breach of contract**

547.    The Bengals incorporate the previous allegations of the Complaint as if

fully restated herein.

548.    The claim filed by Defendant Myles in California alleges and seeks

compensation for physical conditions suffered by Defendant Myles stemming from his

entire employment as a professional football player.

549.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all

claims arising for workers' compensation from Defendant Myles' employment with the

Bengals.

550.    Despite agreeing to the terms of the Contracts, Defendant Myles has

sought relief under the workers' compensation laws of California for "cumulative"

trauma stemming from his employment as a professional football player.

551.    There is an actual and existing controversy between the Bengals and

Defendant Myles concerning their respective rights and duties under the Contracts.

552.    Prompt relief is necessary to preserve the rights of the Bengals under the

Contracts.

553.    By the express terms of the Contracts and applicable Ohio law, the

Bengals are entitled to a declaratory judgment that any and all claims Defendant Myles

82

has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Fifty-Fifth Cause of Action
## Injunction Against Reggie Myles for violation of R.C. 4123.54(H)

554.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

555.    Defendant Myles has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

556.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Myles's alleged injury.

557.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

558.    No third parties will be unjustifiably harmed if the injunction is granted.

559.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

83

560.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Myles from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

561.    Unless Defendant Myles is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

562.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

## Fifty-Sixth Cause of Action
## Injunction Against Reggie Myles for breach of contract

563.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

564.    Defendant Myles has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

565.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Myles's alleged injury.

566.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

567.     No third parties will be unjustifiably harmed if the injunction is granted.

568.     The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

569.     Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Myles from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

570.     Unless Defendant Myles is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Fifty-Seventh Cause of Action
### Declaratory Judgment Against Hannibal Navies—
### Violation of R.C. § 4123.54(H)

571.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

572.     Defendant Navies was a member of several NFL teams throughout his career and was a member of the Bengals during the 2005 season.

573.     In August 2005, Defendant Navies entered into a written employment contract with the Bengals (the "Contract").

574.     Defendant Navies signed and dated both the Contract and Addendum No. 2 thereto, which stated that any and all claims arising out of Defendant Navies's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

575.    Defendant Navies attended regular practices and participated in regular games in the state of Ohio.

576.    Defendant Navies did not suffer any injury in the state of California, Defendant Navies did not attend regular practices in the state of California, and Defendant Navies did not participate in any games in California while employed with the Bengals.

577.    On or about March 2009, Defendant Navies filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

578.    The claim filed by Defendant Navies in California alleges and seeks compensation for physical conditions suffered by Defendant Navies stemming from his entire employment as a professional football player.

579.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Navies's employment with the Bengals.

580.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Navies has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

581.    There is an actual and existing controversy between the Bengals and Defendant Navies concerning their respective rights and duties under R.C. §4123.54.

582.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

583.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Navies has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Fifty-Eighth Cause of Action**
**Declaratory Judgment Against Hannibal Navies for breach of contract**

584.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

585.    The claim filed by Defendant Navies in California alleges and seeks compensation for physical conditions suffered by Defendant Navies stemming from his entire employment as a professional football player.

586.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Navies's employment with the Bengals.

587.    Despite agreeing to the terms of the Contract, Defendant Navies has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

588.    There is an actual and existing controversy between the Bengals and Defendant Navies concerning their respective rights and duties under the Contract.

589.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

590.    By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Navies has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Fifty-Ninth Cause of Action
### Injunction Against Hannibal Navies for violation of R.C. 4123.54(H)

591.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

592.    Defendant Navies has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

593.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Navies's alleged injury.

594.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

595.    No third parties will be unjustifiably harmed if the injunction is granted.

596.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

597.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Navies from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

598.    Unless Defendant Navies is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

599.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

## Sixtieth Cause of Action
## Injunction Against Hannibal Navies for breach of contract

600.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

601.    Defendant Navies has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

602.    The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be

11657983.1

brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Navies's alleged injury.

603.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

604.    No third parties will be unjustifiably harmed if the injunction is granted.

605.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

606.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Navies from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

607.    Unless Defendant Navies is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Sixty-First Cause of Action
### Declaratory Judgment Against Scott Rehberg—
### Violation of R.C. § 4123.54(H)

608.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

609.    Defendant Rehberg was a member of several NFL teams throughout his career and was a member of the Bengals from the 200 season through the 2002 season.

11657983.1

610. In March 2000, Defendant Rehberg entered into a written employment contract with the Bengals (the "2000 Contract").

611. Defendant Rehberg signed and dated both the 2000 Contract and Addendum No. 3 thereto, which stated that any and all claims arising out of Defendant Rehberg's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

612. In July 2001, Defendant Rehberg entered into another written employment contract with the Bengals (the "2001 Contract").

613. Defendant Rehberg signed and dated both the 2001 Contract and Addendum No. 2 thereto, which required that any and all claims arising out of Defendant Rehberg's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

614. In August 2002, Defendant Rehberg entered into another written employment contract with the Bengals (the "2002 Contract," collectively with the 2000 Contract and the 2001 Contract, the "Contracts").

615. Defendant Rehberg signed and dated both the 2002 Contract and Addendum No. 2 thereto, which required that any and all claims arising out of Defendant Rehberg's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

616. Defendant Rehberg attended regular practices and participated in regular games in the state of Ohio.

91

617.    Defendant Rehberg does not reside in the state of California (and upon information and belief has never lived in California), Defendant Rehberg did not suffer any injury in the state of California, Defendant Rehberg did not attend regular practices in the state of California, and Defendant Rehberg participated in only one game in California while employed with the Bengals.

618.    On or about April 2009, Defendant Rehberg filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

619.    The claim filed by Defendant Rehberg in California alleges and seeks compensation for physical conditions suffered by Defendant Rehberg stemming from his entire employment as a professional football player.

620.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Rehberg's employment with the Bengals.

621.    Despite the clear statutory command of R.C. §  4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Rehberg has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

622.    There is an actual and existing controversy between the Bengals and Defendant Rehberg concerning their respective rights and duties under R.C. §4123.54.

92

623.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

624.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Rehberg has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Sixty-Second Cause of Action**
**Declaratory Judgment Against Scott Rehberg for breach of contract**

625.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

626.    The claim filed by Defendant Rehberg in California alleges and seeks compensation for physical conditions suffered by Defendant Rehberg stemming from his entire employment as a professional football player.

627.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Rehberg employment with the Bengals.

628.    Despite agreeing to the terms of the Contracts, Defendant Rehberg has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

629.    There is an actual and existing controversy between the Bengals and Defendant Rehberg concerning their respective rights and duties under the Contracts.

630.    Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

631.    By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Rehberg has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Sixty-Third Cause of Action**
**Injunction Against Scott Rehberg for violation of R.C. 4123.54(H)**

632.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

633.    Defendant Rehberg has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

634.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Rehberg's alleged injury.

635.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

636.    No third parties will be unjustifiably harmed if the injunction is granted.

637.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

638.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Rehberg from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

639.    Unless Defendant Rehberg is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

640.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Sixty-Fourth Cause of Action
### Injunction Against Scott Rehberg for breach of contract

641.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

642.    Defendant Rehberg has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

643.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Rehberg's alleged injury.

644.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

645.    No third parties will be unjustifiably harmed if the injunction is granted.

646.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

647.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Rehberg from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

648.    Unless Defendant Rehberg is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Sixty-Fifth Cause of Action
### Declaratory Judgment Against Adrian Ross—
### Violation of R.C. § 4123.54(H)

649.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

650.    Defendant Ross was a member of the Bengals from the 1998 season through the 2003 season.

651.    In April 1998, Defendant Ross entered into a written employment contract with the Bengals (the "1998 Contract").

652.    Defendant Ross signed and dated both the 1998 Contract and Addendum No. 4 thereto, which stated that any and all claims arising out of Defendant Ross's

employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

653.    In March 2000, Defendant Ross entered into a written employment contract with the Bengals (the "2000 Contract").

654.    Defendant Ross signed and dated both the 2000 Contract and Addendum No. 1 thereto, which stated that any and all claims arising out of Defendant Ross's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

655.    In May 2001, Defendant Ross entered into another written employment contract with the Bengals (the "2001 Contract," collectively with the 1998 Contract and the 2000 Contract, the "Contracts").

656.    Defendant Ross signed and dated both the 2001 Contract and Addendum No. 1 thereto, which required that any and all claims arising out of Defendant Ross's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

657.    Defendant Ross attended regular practices and participated in regular games in the state of Ohio.

658.    Defendant Ross did not suffer any injury in the state of California, Defendant Ross did not attend regular practices in the state of California, and Defendant Ross participated in only four games in California while employed with the Bengals.

659.    On or about January 2007, Defendant Ross filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

97

660.    The claim filed by Defendant Ross in California alleges and seeks compensation for physical conditions suffered by Defendant Ross stemming from his entire employment as a professional football player.

661.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Ross's employment with the Bengals.

662.    Despite the clear statutory command of R.C. §  4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Ross has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

663.    There is an actual and existing controversy between the Bengals and Defendant Ross concerning their respective rights and duties under R.C. §4123.54.

664.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

665.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Ross has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

11657983.1

## Sixty-Sixth Cause of Action
## Declaratory Judgment Against Adrian Ross for breach of contract

666.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

667.     The claim filed by Defendant Ross in California alleges and seeks compensation for physical conditions suffered by Defendant Ross stemming from his entire employment as a professional football player.

668.     Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Ross's employment with the Bengals.

669.     Despite agreeing to the terms of the Contracts, Defendant Ross has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

670.     There is an actual and existing controversy between the Bengals and Defendant Ross concerning their respective rights and duties under the Contracts.

671.     Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

672.     By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Ross has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

99

### Sixty-Seventh Cause of Action
### Injunction Against Adrian Ross for violation of R.C. 4123.54(H)

673.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

674.    Defendant Ross has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

675.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Ross's alleged injury.

676.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

677.    No third parties will be unjustifiably harmed if the injunction is granted.

678.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

679.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Ross from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

11657983.1

680.    Unless Defendant Ross is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

681.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

**Sixty-Eighth Cause of Action**
**Injunction Against Adrian Ross for breach of contract**

682.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

683.    Defendant Ross has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

684.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Ross' alleged injury.

685.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

686.    No third parties will be unjustifiably harmed if the injunction is granted.

687.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

688.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Ross from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

689.    Unless Defendant Ross is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Sixty-Ninth Cause of Action
### Declaratory Judgment Against Troy Sadowski—
### Violation of R.C. § 4123.54(H)

690.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

691.    Defendant Sadowski was a member of several NFL teams throughout his career and was a member of the Bengals from 1994 season through the 1996 season.

692.    In January 1996, Defendant Sadowski entered into a written employment contract with the Bengals (the "Contract").

693.    Defendant Sadowski signed and dated both the Contract and Addendum No. 2 thereto, which stated that any and all claims arising out of Defendant Sadowski's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

694.    Defendant Sadowski attended regular practices and participated in regular games in the state of Ohio.

695.    Defendant Sadowski did not suffer any injury in the state of California, Defendant Sadowski did not attend regular practices in the state of California, and Defendant Sadowski participated in only three games in California while employed with the Bengals.

696.    On or about August 2007, Defendant Sadowski filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

697.    The claim filed by Defendant Sadowski in California alleges and seeks compensation for physical conditions suffered by Defendant Sadowski stemming from his entire employment as a professional football player.

698.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Sadowski's employment with the Bengals.

699.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Sadowski has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

700.    There is an actual and existing controversy between the Bengals and Defendant Sadowski concerning their respective rights and duties under R.C. §4123.54.

701.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

702.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Sadowski has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Seventieth Cause of Action
### Declaratory Judgment Against Troy Sadowski for breach of contract

703.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

704.    The claim filed by Defendant Sadowski in California alleges and seeks compensation for physical conditions suffered by Defendant Sadowski stemming from his entire employment as a professional football player.

705.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Sadowski's employment with the Bengals.

706.    Despite agreeing to the terms of the Contract, Defendant Sadowski has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

707.    There is an actual and existing controversy between the Bengals and Defendant Sadowski concerning their respective rights and duties under the Contract.

11657983.1

708.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

709.    By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Sadowski has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Seventy-First Cause of Action
## Injunction Against Troy Sadowski for violation of R.C. 4123.54(H)

710.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

711.    Defendant Sadowski has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

712.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Sadowski's alleged injury.

713.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

714.    No third parties will be unjustifiably harmed if the injunction is granted.

11657983.1

715.     The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

716.     Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Sadowski from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

717.     Unless Defendant Sadowski is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

718.     The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Seventy-Second Cause of Action
### Injunction Against Troy Sadowski for breach of contract

719.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

720.     Defendant Sadowski has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

721.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Sadowski's alleged injury.

722.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

723.    No third parties will be unjustifiably harmed if the injunction is granted.

724.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

725.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Sadowski from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

726.    Unless Defendant Sadowski is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

**Seventy-Third Cause of Action**
**Declaratory Judgment Against Darnay Scott—**
**Violation of R.C. § 4123.54(H)**

727.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

728.    Defendant Scott was a member of two NFL teams throughout his career and was a member of the Bengals from 1994 season through the 1999 season and during the 2001 season.

729.    In June 1997, Defendant Scott entered into a written employment contract with the Bengals (the "1997 Contract").

730.    Defendant Scott signed and dated both the 1997 Contract and Addendum No. 1 thereto, which stated that any and all claims arising out of Defendant Scott's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

731.    In February 1998, Defendant Scott entered into a written employment contract with the Bengals (the "1998 Contract").

732.    Defendant Scott signed and dated both the 1998 Contract and Addendum No. 5 thereto, which stated that any and all claims arising out of Defendant Scott's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

733.    Defendant Scott attended regular practices and participated in regular games in the state of Ohio.

734.    Defendant Scott did not suffer any injury in the state of California, Defendant Scott did not attend regular practices in the state of California, and Defendant Scott participated in only four to five games in California while employed with the Bengals.

735.    On or about October 2005, Defendant Scott filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

736.    The claim filed by Defendant Scott in California alleges and seeks compensation for physical conditions suffered by Defendant Scott stemming from his entire employment as a professional football player.

737. Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Scott's employment with the Bengals.

738. Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Scott has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

739. There is an actual and existing controversy between the Bengals and Defendant Scott concerning their respective rights and duties under R.C. §4123.54.

740. Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

741. By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Scott has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Seventy-Fourth Cause of Action**
**Declaratory Judgment Against Darnay Scott for breach of contract**

742. The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

109

743.    The claim filed by Defendant Scott in California alleges and seeks compensation for physical conditions suffered by Defendant Scott stemming from his entire employment as a professional football player.

744.    Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Scott's employment with the Bengals.

745.    Despite agreeing to the terms of the Contracts, Defendant Scott has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

746.    There is an actual and existing controversy between the Bengals and Defendant Scott concerning their respective rights and duties under the Contracts.

747.    Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

748.    By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Scott has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Seventy-Fifth Cause of Action
### Injunction Against Darnay Scott for violation of R.C. 4123.54(H)

749.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

750.    Defendant Scott has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

751.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Scott's alleged injury.

752.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

753.    No third parties will be unjustifiably harmed if the injunction is granted.

754.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

755.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Scott from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

756.    Unless Defendant Scott is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

757.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

## Seventy-Sixth Cause of Action
### Injunction Against Darnay Scott for breach of contract

758.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

759.    Defendant Scott has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

760.    The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Scott's alleged injury.

761.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

762.    No third parties will be unjustifiably harmed if the injunction is granted.

763.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

764.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Scott from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

765.    Unless Defendant Scott is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Seventy-Seventh Cause of Action
### Declaratory Judgment Against Kabisa Akili Smith—
### Violation of R.C. § 4123.54(H)

766.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

767.    Defendant Smith was a member of two NFL teams throughout his career and was a member of the Bengals from 1999 season through the 2002.

768.    In August 1999, Defendant Smith entered into a written employment contract with the Bengals (the "Contract").

769.    Defendant Smith signed and dated both the Contract and Addendum No. 20 thereto, which stated that any and all claims arising out of Defendant Smith's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

770.    Defendant Smith attended regular practices and participated in regular games in the state of Ohio.

771.    Defendant Smith did not suffer any injury in the state of California, Defendant Smith did not attend regular practices in the state of California, and

Defendant Smith did not participate in any games in California while employed with the Bengals.

772.     On or about March 2009, Defendant Smith filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

773.     The claim filed by Defendant Smith in California alleges and seeks compensation for physical conditions suffered by Defendant Smith stemming from his entire employment as a professional football player.

774.     Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Smith's employment with the Bengals.

775.     Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Smith has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

776.     There is an actual and existing controversy between the Bengals and Defendant Smith concerning their respective rights and duties under R.C. §4123.54.

777.     Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

778.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Smith has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Seventy-Eighth Cause of Action
### Declaratory Judgment Against Kabisa Akili Smith for breach of contract

779.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

780.    The claim filed by Defendant Smith in California alleges and seeks compensation for physical conditions suffered by Defendant Smith stemming from his entire employment as a professional football player.

781.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Smith employment with the Bengals.

782.    Despite agreeing to the terms of the Contract, Defendant Smith has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

783.    There is an actual and existing controversy between the Bengals and Defendant Smith concerning their respective rights and duties under the Contract.

784.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

785.     By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Smith has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Seventy-Ninth Cause of Action
## Injunction Against Kabisa Akili Smith for violation of R.C. 4123.54(H)

786.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

787.     Defendant Smith has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

788.      The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Smith's alleged injury.

789.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

790.     No third parties will be unjustifiably harmed if the injunction is granted.

791.     The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

792.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Smith from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

793.    Unless Defendant Smith is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

794.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

## Eightieth Cause of Action
## Injunction Against Kabisa Akili Smith for breach of contract

795.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

796.    Defendant Smith has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

797.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Smith's alleged injury.

798.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

11657983.1

799.    No third parties will be unjustifiably harmed if the injunction is granted.

800.    The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

801.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Smith from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

802.    Unless Defendant Smith is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Eighty-First Cause of Action
### Declaratory Judgment Against Armegis Spearman—
### Violation of R.C. § 4123.54(H)

803.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

804.    Defendant Spearman was a member of several NFL teams throughout his career and was a member of the Bengals from the 2000 season through the 2002 season.

805.    In April 2000, Defendant Spearman entered into a written employment contract with the Bengals (the "2000 Contract").

806.    Defendant Spearman signed and dated both the 2000 Contract and Addendum No. 4 thereto, which stated that any and all claims arising out of Defendant Spearman's employment with the Bengals shall be subject exclusively to the workers'

compensation laws of Ohio and not to the worker's compensation laws of any other state.

807.    In April 2002, Defendant Spearman entered into a written employment contract with the Bengals (the "2002 Contract," collectively with the 2000 Contract, the "Contracts").

808.    Defendant Spearman signed and dated both the 2002 Contract and Addendum No. 1 thereto, which stated that any and all claims arising out of Defendant Spearman's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

809.    Defendant Spearman attended regular practices and participated in regular games in the state of Ohio.

810.    Defendant Spearman does not reside in the state of California (and upon information and belief has never lived in California), Defendant Spearman did not suffer any injury in the state of California, Defendant Spearman did not attend regular practices in the state of California, and Defendant Spearman participated in only, at the most, one game in California while employed with the Bengals.

811.    On or about January 2009, Defendant Spearman filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

812.    The claim filed by Defendant Spearman in California alleges and seeks compensation for physical conditions suffered by Defendant Spearman stemming from his entire employment as a professional football player.

813.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Spearman's employment with the Bengals.

814.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Spearman has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

815.    There is an actual and existing controversy between the Bengals and Defendant Spearman concerning their respective rights and duties under R.C. §4123.54.

816.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

817.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Spearman has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Eighty-Second Cause of Action
## Declaratory Judgment Against Armegis Spearman for breach of contract

818.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

11657983.1

819. The claim filed by Defendant Spearman in California alleges and seeks compensation for physical conditions suffered by Defendant Spearman stemming from his entire employment as a professional football player.

820. Pursuant to the Contracts, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Spearman's employment with the Bengals.

821. Despite agreeing to the terms of the Contracts, Defendant Spearman has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

822. There is an actual and existing controversy between the Bengals and Defendant Spearman concerning their respective rights and duties under the Contracts.

823. Prompt relief is necessary to preserve the rights of the Bengals under the Contracts.

824. By the express terms of the Contracts and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Spearman has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Eighty-Third Cause of Action
### Injunction Against Armegis Spearman for violation of R.C. 4123.54(H)

825. The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

121

826.    Defendant Spearman has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

827.    The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Spearman's alleged injury.

828.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

829.    No third parties will be unjustifiably harmed if the injunction is granted.

830.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

831.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Spearman from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

832.    Unless Defendant Spearman is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

833.     The Bengals seek an expedited hearing on their request for a preliminary injunction.

## Eighty-Fourth Cause of Action
## Injunction Against Armegis Spearman for breach of contract

834.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

835.     Defendant Spearman has sought relief under the workers' compensation laws of California, in violation of the terms of the Contracts.  Defendant's breach is interfering with the Bengals' rights under the Contracts.

836.      The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into valid written contracts mandating that claims be brought solely within Ohio, and the contracts require that Ohio workers' compensation laws provide the exclusive remedy for Defendant Spearman's alleged injury.

837.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

838.     No third parties will be unjustifiably harmed if the injunction is granted.

839.     The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

11657983.1

840. Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Spearman from seeking and receiving relief under workers' compensation laws of another state in breach of the Contracts.

841. Unless Defendant Spearman is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

### Eighty-Fifth Cause of Action
### Declaratory Judgment Against Dennis Weathersby—
### Violation of R.C. § 4123.54(H)

842. The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

843. Defendant Weathersby was a member of the Bengals from the 2003 season through the 2004 season.

844. In July 2003, Defendant Weathersby entered into a written employment contract with the Bengals (the "Contract").

845. Defendant Weathersby signed and dated both the Contract and Addendum No. 3 thereto, which stated that any and all claims arising out of Defendant Weathersby's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

846. Defendant Weathersby attended regular practices and participated in regular games in the state of Ohio.

11657983.1

847.    Defendant Weathersby did not suffer any injury in the state of California, Defendant Weathersby did not attend regular practices in the state of California, and Defendant Weathersby participated in only, at the most, two games in California while employed with the Bengals.

848.    On or about February 2009, Defendant Weathersby filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

849.    The claim filed by Defendant Weathersby in California alleges and seeks compensation for physical conditions suffered by Defendant Weathersby stemming from his entire employment as a professional football player.

850.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Weathersby's employment with the Bengals.

851.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Weathersby has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

852.    There is an actual and existing controversy between the Bengals and Defendant Weathersby concerning their respective rights and duties under R.C. §4123.54.

853.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

854.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Weathersby has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

**Eighty-Sixth Cause of Action**
**Declaratory Judgment Against Dennis Weathersby for breach of contract**

855.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

856.    The claim filed by Defendant Weathersby in California alleges and seeks compensation for physical conditions suffered by Defendant Weathersby stemming from his entire employment as a professional football player.

857.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Weathersby's employment with the Bengals.

858.    Despite agreeing to the terms of the Contract, Defendant Weathersby has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

859.    There is an actual and existing controversy between the Bengals and Defendant Weathersby concerning their respective rights and duties under the Contract.

860.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

861.    By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Weathersby has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Eighty-Seventh Cause of Action
## Injunction Against Dennis Weathersby for violation of R.C. 4123.54(H)

862.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

863.    Defendant Weathersby has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

864.    The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Weathersby's alleged injury.

865.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

866.    No third parties will be unjustifiably harmed if the injunction is granted.

867.     The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

868.     Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Weathersby from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

869.     Unless Defendant Weathersby is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

870.     The Bengals seek an expedited hearing on their request for a preliminary injunction.

**Eighty-Eighth Cause of Action**
**Injunction Against Dennis Weathersby for breach of contract**

871.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

872.     Defendant Weathersby has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract. Defendant's breach is interfering with the Bengals' rights under the Contract.

873.     The Bengals will prevail on the merits of their declaratory judgment claim. The parties entered into a valid written contract mandating that claims be brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Weathersby's alleged injury.

128

874.     A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

875.     No third parties will be unjustifiably harmed if the injunction is granted.

876.     The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

877.     Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Weathersby from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

878.     Unless Defendant Weathersby is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

**Eighty-Ninth Cause of Action
Declaratory Judgment Against Richmond Webb—
Violation of R.C. § 4123.54(H)**

879.     The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

880.     Defendant Webb was a member of two NFL teams throughout his career was a member of the Bengals from the 2001 season through the 2002 season.

881.     In April 2001, Defendant Webb entered into a written employment contract with the Bengals (the "Contract").

882.    Defendant Webb signed and dated both the Contract and Addendum No. 4 thereto, which stated that any and all claims arising out of Defendant Webb's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

883.    Defendant Webb attended regular practices and participated in regular games in the state of Ohio.

884.    Defendant Webb does not reside in the state of California (and upon information and belief has never lived in California), Defendant Webb did not suffer any injury in the state of California, Defendant Webb did not attend regular practices in the state of California, and Defendant Webb participated in only, at the most, two games in California while employed with the Bengals.

885.    On or about August 2008, Defendant Webb filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

886.    The claim filed by Defendant Webb in California alleges and seeks compensation for physical conditions suffered by Defendant Webb stemming from his entire employment as a professional football player.

887.    Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Webb's employment with the Bengals.

888.    Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's

11657983.1

employment," Defendant Webb has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

889.    There is an actual and existing controversy between the Bengals and Defendant Webb concerning their respective rights and duties under R.C. §4123.54.

890.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

891.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Webb has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Ninetieth Cause of Action
### Declaratory Judgment Against Richmond Webb for breach of contract

892.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

893.    The claim filed by Defendant Webb in California alleges and seeks compensation for physical conditions suffered by Defendant Webb stemming from his entire employment as a professional football player.

894.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Webb's employment with the Bengals.

895.    Despite agreeing to the terms of the Contract, Defendant Webb has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

896.    There is an actual and existing controversy between the Bengals and Defendant Webb concerning their respective rights and duties under the Contract.

897.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

898.    By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Webb has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Ninety-First Cause of Action
## Injunction Against Richmond Webb for violation of R.C. 4123.54(H)

899.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

900.    Defendant Webb has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

901.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Webb's alleged injury.

11657983.1

902.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

903.    No third parties will be unjustifiably harmed if the injunction is granted.

904.    The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

905.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Webb from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

906.    Unless Defendant Webb is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

907.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

### Ninety-Second Cause of Action
### Injunction Against Richmond Webb for breach of contract

908.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

11657983.1

909.    Defendant Webb has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

910.    The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Webb's alleged injury.

911.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

912.    No third parties will be unjustifiably harmed if the injunction is granted.

913.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

914.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Webb from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

915.    Unless Defendant Webb is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

11657983.1

## Ninety-Third Cause of Action
## Declaratory Judgment Against Bernard Whittington—
## Violation of R.C. § 4123.54(H)

916.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

917.    Defendant Whittington was a member of two NFL teams throughout his career was a member of the Bengals from the 2001 season through the 2002 season.

918.    In July 2001, Defendant Whittington entered into a written employment contract with the Bengals (the "Contract").

919.    Defendant Whittington signed and dated both the Contract and Addendum No. 3 thereto, which stated that any and all claims arising out of Defendant Whittington's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

920.    Defendant Whittington attended regular practices and participated in regular games in the state of Ohio.

921.    Defendant Whittington does not reside in the state of California (and upon information and belief has never lived in California), Defendant Whittington did not suffer any injury in the state of California, Defendant Whittington did not attend regular practices in the state of California, and Defendant Whittington participated in only one game in California while employed with the Bengals.

922.    On or about June 2006, Defendant Whittington filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

11657983.1

923. The claim filed by Defendant Whittington in California alleges and seeks compensation for physical conditions suffered by Defendant Whittington stemming from his entire employment as a professional football player.

924. Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Whittington's employment with the Bengals.

925. Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Whittington has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

926. There is an actual and existing controversy between the Bengals and Defendant Whittington concerning their respective rights and duties under R.C. §4123.54.

927. Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

928. By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Whittington has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

## Ninety-Fourth Cause of Action
## Declaratory Judgment Against Bernard Whittington for breach of contract

929.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

930.    The claim filed by Defendant Whittington in California alleges and seeks compensation for physical conditions suffered by Defendant Whittington stemming from his entire employment as a professional football player.

931.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Whittington's employment with the Bengals.

932.    Despite agreeing to the terms of the Contract, Defendant Whittington has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

933.    There is an actual and existing controversy between the Bengals and Defendant Whittington concerning their respective rights and duties under the Contract.

934.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

935.    By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Whittington has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

11657983.1

## Ninety-Fifth Cause of Action
## Injunction Against Bernard Whittington for violation of R.C. 4123.54(H)

936. The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

937. Defendant Whittington has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54. Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

938. The Bengals will prevail on the merits of their declaratory judgment claim. The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Whittington's alleged injury.

939. A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

940. No third parties will be unjustifiably harmed if the injunction is granted.

941. The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

942. Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Whittington from seeking and

receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

943.    Unless Defendant Whittington is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

944.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

**Ninety-Sixth Cause of Action**
**Injunction Against Bernard Whittington for breach of contract**

945.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

946.    Defendant Whittington has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

947.     The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Whittington's alleged injury.

948.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

949.    No third parties will be unjustifiably harmed if the injunction is granted.

139

950. The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

951. Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Whittington from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

952. Unless Defendant Whittington is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

## Ninety-Seventh Cause of Action
## Declaratory Judgment Against Darryl Williams—
## Violation of R.C. § 4123.54(H)

953. The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

954. Defendant Williams was a member of two NFL teams throughout his career was a member of the Bengals from the 1992 season through the 1995 season and from the 2000 season through the 2001 season.

955. In March 2000, Defendant Williams entered into a written employment contract with the Bengals (the "Contract").

956. Defendant Williams signed and dated both the Contract and Addendum No. 2 thereto, which stated that any and all claims arising out of Defendant Williams's employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio and not to the worker's compensation laws of any other state.

11657983.1

957.     Defendant Williams attended regular practices and participated in regular games in the state of Ohio.

958.     Defendant Williams did not suffer any injury in the state of California, Defendant Williams did not attend regular practices in the state of California, and Defendant Williams participated in only, at the most, four games in California while employed with the Bengals.

959.     On or about December 2008, Defendant Williams filed a workers' compensation claim with the Workers' Compensation Appeals Board in California.

960.     The claim filed by Defendant Williams in California alleges and seeks compensation for physical conditions suffered by Defendant Williams stemming from his entire employment as a professional football player.

961.     Pursuant to R.C. § 4123.54, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Williams's employment with the Bengals.

962.     Despite the clear statutory command of R.C. § 4123.54 which states that Ohio workers' compensation statutes shall be "the exclusive remedy against the employer on account of injury . . . in the course of and arising out of the employee's employment," Defendant Williams has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

963.    There is an actual and existing controversy between the Bengals and Defendant Williams concerning their respective rights and duties under R.C. §4123.54.

964.    Prompt relief is necessary to preserve the rights of the Bengals under R.C. §4123.54.

965.    By the express terms of R.C. § 4123.54 and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Williams has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Ninety-Eighth Cause of Action
### Declaratory Judgment Against Darryl Williams for breach of contract

966.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

967.    The claim filed by Defendant Williams in California alleges and seeks compensation for physical conditions suffered by Defendant Williams stemming from his entire employment as a professional football player.

968.    Pursuant to the Contract, Ohio has exclusive jurisdiction over any and all claims arising for workers' compensation from Defendant Williams's employment with the Bengals.

969.    Despite agreeing to the terms of the Contract, Defendant Williams has sought relief under the workers' compensation laws of California for "cumulative" trauma stemming from his employment as a professional football player.

11657983.1

970.    There is an actual and existing controversy between the Bengals and Defendant Williams concerning their respective rights and duties under the Contract.

971.    Prompt relief is necessary to preserve the rights of the Bengals under the Contract.

972.    By the express terms of the Contract and applicable Ohio law, the Bengals are entitled to a declaratory judgment that any and all claims Defendant Williams has arising from his employment with the Bengals are subject to the exclusive jurisdiction of Ohio's courts and workers' compensation laws.

### Ninety-Ninth Cause of Action
### Injunction Against Darryl Williams for violation of R.C. 4123.54(H)

973.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

974.    Defendant Williams has sought relief under the workers' compensation laws of California, in violation of the terms of R.C. §4123.54.  Defendant's breach is interfering with the Bengals' rights under the Ohio workers' compensation statutes.

975.     The Bengals will prevail on the merits of their declaratory judgment claim.  The preconditions to R.C. §4123.54 have been met, and R.C. § 4123.54 states that Ohio workers' compensation laws provide the exclusive remedy for Defendant Williams' alleged injury.

976.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

977.    No third parties will be unjustifiably harmed if the injunction is granted.

978.    The public interest will be served by an injunction.  Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

979.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Williams from seeking and receiving relief under workers' compensation laws of another state in violation of the express terms of R.C. § 4123.54.

980.    Unless Defendant Williams is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

981.    The Bengals seek an expedited hearing on their request for a preliminary injunction.

### One Hundredth Cause of Action
### Injunction Against Darryl Williams for breach of contract

982.    The Bengals incorporate the previous allegations of the Complaint as if fully restated herein.

983.    Defendant Williams has sought relief under the workers' compensation laws of California, in violation of the terms of the Contract.  Defendant's breach is interfering with the Bengals' rights under the Contract.

984.    The Bengals will prevail on the merits of their declaratory judgment claim.  The parties entered into a valid written contract mandating that claims be

11657983.1

brought solely within Ohio, and the contract requires that Ohio workers' compensation laws provide the exclusive remedy for Defendant Williams' alleged injury.

985.    A substantial threat of irreparable injury exists if the injunction is not granted because the injury is not subject to precise calculation or a damages determination.

986.    No third parties will be unjustifiably harmed if the injunction is granted.

987.    The public interest will be served by an injunction. Ohio has an interest in the rights of employers and employees in its state, the proper functioning of its comprehensive workers compensation system, and enforcing valid contracts.

988.    Accordingly, the Bengals are entitled to and hereby request an order preliminarily and permanently enjoining Defendant Williams from seeking and receiving relief under workers' compensation laws of another state in breach of the Contract.

989.    Unless Defendant Williams is so enjoined, the Bengals will suffer additional irreparable injury for which it has no adequate remedy at law.

WHEREFORE, the Bengals demand judgment against Defendants as follows:

(A) An order declaring that all of Defendants' claims arising out of employment with the Bengals shall be subject exclusively to the workers' compensation laws of Ohio under Ohio Revised Code Section 4123.54(H);

(B) Preliminary and permanent injunctions enjoining Defendants from seeking any relief under workers' compensation laws of a jurisdiction outside of Ohio;

(C) Award the Bengals its costs, including attorney fees, incurred in bringing this action;

(D) And for any and all other relief as may be fair and equitable.


Respectfully submitted,

_/s/ Eric K. Combs_____
Eric K. Combs (0067201)
Samuel M. Duran (0009378)
Christina L. Fischer (0083312)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205

146

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on February 4, 2010 using the Court's CM/ECF filing system, which will transmit notice of the filing to all counsel of record in this case.

_/s/_  Eric K. Combs_____

11532301.1

11657983.1