IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| **CINCINNATI BENGALS, INC.** | : | CASE NO. 1:09 CV 738 |
| | : | Hon. Sandra S. Beckwith |
| Plaintiff, | | |
| | : | Hon. Timothy S. Black |
| v. | | |
| | : | |
| **KHALID ABDULLAH, ET AL.** | | **PLAINTIFF'S MEMORANDUM** |
| | : | **IN OPPOSITION TO MOTION** |
| Defendants. | | **TO COMPEL ARBITRATION** |

  Plaintiff Cincinnati Bengals, Inc. (the "Bengals") submits this Memorandum in opposition to Defendants and Proposed Defendants' Motion to Compel Arbitration.  The Bengals' Complaint, which has been newly amended, states clearly claims arising under Ohio's workers compensation statutes.  Moreover, as is apparent from the Defendants' Motion to Vacate Default Judgments, the issues presented by the Bengals' claims have nothing to do with the interpretation or application of the NFL Collective Bargaining Agreement ("CBA") or the Defendants' NFL Player Contracts ("Contracts"), and everything to do with the interplay between California and Ohio workers' compensation law.  As a result, the Bengals' claims are not subject to arbitration under either the CBA or the Contracts.

## Background

  This case arises out of workers' compensation claims filed against the Bengals by defendants, former Bengals players, in California.  Defendants' actions violate Ohio's workers' compensation law, O.R.C. § 4123.54, and the Contracts authorized by that statute and made in compliance with it.

11531430.1

### A. The Original Complaint

On June 26, 2008, the Bengals sued Defendants in Hamilton County Common Pleas Court for relief under Ohio's workers compensation statutes, seeking a declaratory judgment and preliminary injunction. *See* Complaint. As set forth in the Complaint, and as expressly authorized by Ohio's workers' compensation provisions, O.R.C. § 4123.54, each Defendant agreed with the Bengals to be bound by the workers' compensation laws of Ohio. The consequence is that any and all claims arising out of his employment with the Bengals be subject exclusively to the workers' compensation laws of Ohio and not to the workers' compensation laws of any other state. All of that was included in an addendum to the Contracts between the Bengals and Defendants.

In spite of the statute and their Contracts with the Bengals, Defendants pursued workers' compensation benefits in California. Complaint ¶ 10. On November 25, 2008, the Court entered default judgments against Defendants Oliver Gibson, Glen Steele and Reinard Wilson. On November 28, 2008, the Court entered a default judgment against Defendant Vaughn Booker.

On September 4, 2009, the Bengals added twenty-eight additional defendants to the Complaint. These Defendants are also former Bengals players who likewise agreed with the Bengals to be bound by the workers' compensation laws of Ohio. *Id*. ¶¶ 3, 6. Additionally, these Defendants are pursuing workers' compensation benefits in the state of California in violation of their contracts with the Bengals. *Id*. ¶ 10.

On October 9, 2009, Defendants Khalid Abdullah and Darryl Williams (collectively with the other defendants in the Complaint and the Amended Complaint, the "Defendants") filed a Notice of Removal (the "Notice") (Doc. No. 1). The Bengals

opposed the removal and asked this Court to remand the case to state court. On January 6, 2010, the Court denied the Bengals' Motion to Remand. (Doc. No. 18).

### B.     The Amended Complaint

On February 4, 2010, pursuant to Rule 15(a)(1)(A), the Bengals amended the Complaint against Defendants, asserting new claims for declaratory and injunctive relief based directly on Section 4123.54(H) of the Ohio Revised Code. The Bengals' statutory claims seek a declaration that Defendants are acting in violation of the statute, and seek injunctive relief against each and all of the Defendants, prohibiting them from continuing to violate the statute. These statutory claims are separate and apart from the claims asserted in the Original Complaint, which remain.[1]

---

[1] Although this Court's January 6, 2010 Order (the "Order") suggested that Section 4123.54 does not create a private right of action, the Bengals respectfully submit that this issue has not been squarely presented to this Court and that Ohio law would support the recognition of such a right. Ohio courts consider three factors when determining whether a statute creates a private right of action: (1) whether the plaintiff is within a class for whose benefit the statute was enacted; (2) whether there is any evidence of legislative intent to create or deny a private right of action; and (3) whether recognition of a private right of action is consistent with the statutory scheme. *Upperman v. Grange Indemnity Ins. Co.*, 135 Ohio Misc.2d 8 (Franklin Cty. Ct. Com. Pl. 2005). In *Upperman*, an Ohio court found that insureds had an implied private right of action against insurers for rate increases that were not filed with the state Department of Insurance, as required by statute. The court noted that insureds were intended for protection under the statute, the statute did not deny a private right of action, and the insurer should not be permitted to evade administrative review by failing to follow a statute. In *Upperman*, as here, the defendant sought to evade an administrative enforcement scheme by failing to file with the applicable agency, and as in *Upperman*, an Ohio court would find an implied private right of action. Indeed, the United States Court of Appeals for the Sixth Circuit has recognized, "Ohio courts have generally refused to infer the existence of a private right of action only when an administrative enforcement scheme was already in place." *McClain v. Northwest Community Corrections Center Judicial Corrections Bd.*, 440 F.3d 320, 329 (6th Cir. 2006) (emphasis added).

**Argument**

The United States Supreme Court recognizes as a "first principle" that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Technologies Inc. v. Communication Workers*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Because the arbitration provisions cited by Defendants do not cover this dispute, Defendants' Motion to Compel Arbitration should be denied. In addition, Defendants' Motion should be denied because arbitration of the issues presented by the Bengals' claims would deny the Bengals an effective forum to vindicate their rights. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

**A.  The Defendants against whom judgments have been entered waived any right they might have had to arbitration.**

As an initial matter, to the extent Defendants Reinard Wilson, Glen Steele, Vaughn Booker and Oliver Gibson seek to compel arbitration of the Bengals' claims against them, those claims have been decided and judgments entered against them. Moreover, the law is clear that their failure to respond in any fashion to the Original Complaint in state court and the entry of default judgments against them results in waiver of any right they may have had to arbitrate. *General Star Nat'l Ins. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002). In *General Star*, the defendant waited eleven months after default to attempt to invoke the arbitration provisions in the contract. This case is directly on point and the timeline quite similar. Here Defendants Wilson, Steele, Booker and Gibson delayed for eleven months after

judgment, only to now seek to compel arbitration. That right has long been waived, and their default judgments should remain in place.[2]

### B. The Bengals' claims are not subject to arbitration under the provisions Defendants cite.

The arbitration provisions cited by Defendants provide for arbitration *only* of disputes "involving the interpretation of, application of, or compliance with" any provision of the CBA or the Contracts, respectively. To the extent this case represented a straightforward dispute over the "interpretation" or "application" of either the CBA or the Contracts, the Bengals would agree that the claims would be subject to arbitration. However, the Bengals' claims here are based primarily (and in the case of the newly alleged statutory claims, entirely) on Ohio Revised Code Section 4123.54(H), and not the Contracts. Moreover, the claims require resolution of the claimed conflict between California and Ohio workers' compensation statutes. Those claims are outside the scope of the arbitration provisions on which Defendants rely, and thus are not subject to arbitration.

#### 1. There is no "presumption of arbitrability" here.

Defendants cite to the Federal Arbitration Act (" FAA") , 9 U.S.C. § 1, et seq. as the basis for the statement that "[f]ederal law strongly favors arbitration." Memo, p. 5, n. 4. However, as stated in a recent case to which the NFLPA was a party, the FAA and its "liberal federal policy" in favor of arbitration do not apply in the labor-law context. *See National Football League Players Ass'n v. National Football League*, 2009 WL 855946 (S.D.N.Y.,2009) ("The Court recognizes, as it must, that labor arbitration cases,

---

[2] The Bengals have filed a Memorandum in Opposition to the defaulted Defendants' Motion to Vacate Default Judgments.

brought under § 301 of the Labor Management Relations Act, are not subject to Federal Arbitration Act procedures."), *citing Coca-Cola Bottling Co. of New York, Inc. v. Soft Drink and Brewery Workers Union Local 312*, 242 F.3d 52 (2d Cir.2001).

Instead, if Defendants assert (as they did in opposing remand of this case to state court)[3] that this case falls under the Labor Management Relations Act, any presumption regarding arbitration is "limited." *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 78, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998) (the "presumption of arbitrability" does not "extend beyond the reach of the principal rationale that justifies it, which is that arbitrators are in a better position than the courts to interpret the terms of a CBA"). In *Wright*, as here, the dispute concerned not the "application or interpretation" of a labor agreement but the meaning of a statute. *Id*. at 79.  Since the claim asserted by the plaintiff in *Wright* arose not out of that labor agreement, but out of a statute, it was "distinct from any right conferred by the collective-bargaining agreement." *Id*.

The ultimate question in *Wright*, therefore, was not what the parties had agreed to in the labor agreement, but what the applicable statute required. Consequently, it was "not a question which should be presumed to be included within the arbitration requirement." *Id*.  The Court concluded that with the presumption in favor of arbitration so limited, it would be particularly important that any agreement to forego the right to assert a statutory claim in court be clear and unmistakable.  *Id*. at 79-80, citing *Metropolitan Edison Co. v. NLRB*, 460 U.S. 693, 707-8, 103 S.Ct. 1467, 75 L.Ed.2d 387 (1983) ("we will not infer from a general contractual provision that the

---

[3] Defendants cannot have it both ways.  If the case is not governed by the LMRA, then it should be remanded back to state court.  If the case does fall within the LMRA, then Defendants must acknowledge that neither the FAA nor its presumption in favor of arbitration applies here.

- 6 -

parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable.")

The same is true here: the question for the NFL arbitrator with respect to the Bengals' statutory claims would not be what the CBA or the Contracts required, but rather, what Ohio Revised Code Section 4123.54(H) requires. Under those circumstances, the public policy in favor of arbitration cited by Defendants under the FAA has no application.

>   **2.   The Bengals' statutory claims are not subject to arbitration under the plain language of either the CBA or the Defendants' Contracts.**

In the absence of any presumption, the Court is left to determine from the plain language of the CBA and Contract arbitration provisions whether the parties agreed to arbitrate this dispute. Here, the Bengals assert a cause of action under, and to enforce, Section 4123.54(H) of the Ohio Revised Code. The right the Bengals are asserting is, as it was in *Wright*, distinct from any right conferred on it by the CBA or the Defendants' Contracts. Rather, it is a right conferred on the Bengals by statute.

The United States Supreme Court recently reiterated that an agreement to arbitrate statutory claims must "be 'explicitly stated' in the collective bargaining agreement." *14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456, --- U.S. --- (2009), citing *Wright*, 525 U.S. at 80. Using ordinary textual analysis, and without use of any presumption, it is clear that neither the CBA nor the Contracts "explicitly state" an agreement to arbitrate claims based on Ohio's workers compensation statutes. The CBA arbitration provision reads as follows:

>   Any dispute (hereinafter referred to as a "grievance") arising after the execution of the Agreement and involving the interpretation of,

> application of, or compliance with, any provision of the Agreement, the NFL Player Contract, or any applicable provision of the NFL Constitution and Bylaws pertaining to terms and conditions of employment of NFL players, will be resolved exclusively in accordance with the procedure set forth in this Article …

CBA, Article IX, Section 1.

The Defendants' Contracts arbitration provision is similarly limited to contractual issues:

> DISPUTES. During the term of any collective bargaining agreement, any dispute between Player and Club involving the interpretation or application of any provision of this contract will be submitted to final and binding arbitration in accordance with the procedure called for in any collective bargaining agreement in existence at the time the event giving rise to any such dispute occurs.

NFL Player Contract, ¶ 19.

These provisions specifically limit arbitration to those "involving the interpretation of or application of" the provisions of the respective agreements. The Bengals' claims against Defendants under the Ohio Revised Code are statutory claims that require neither the interpretation nor application of the Contract provisions. The arbitration provisions above do not "explicitly" state that statutory claims such as the Bengals' claims here are to be arbitrated, *Pyett, supra*. Therefore, those claims are plainly not within the scope of the arbitration clauses, and are not subject to arbitration. *Smith Barney, Inc. v. Sarver,* 108 F.3d 92, 95 (6th Cir. 1997) ("the Supreme Court has made it very clear that since arbitration is a matter of contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit.'")

### 3. The disputes here involve solely the interplay between California and Ohio workers' compensation statutes.

Four of the defendants before this Court have filed a motion to vacate the judgments that were entered against them by Judge Cooper in the Common Pleas Court.

- 8 -

(Doc. No. 11)  The arguments Defendants present in support of that motion describe very clearly what the dispute in the claims before this Court is all about.  It is the interplay between California's workers' compensation statutes and Ohio's workers' compensation statutes that is central, and indeed the only thing that whoever makes a determination on these claims must decide.

Application of the Ohio statute will require a comparison of the language of the agreement between the Bengals and the players with the Ohio statute to make sure that agreement matches the requirements of Ohio workers' compensation law.  That is the extent to which there need be any reference to the Contracts themselves.  The second issue is whether the agreement between the Bengals and the players was filed with the Ohio Bureau of Workers' Compensation in the time period required by O.R.C. §4123.59.  From there, the issue goes to the interplay between that Ohio workers' compensation statute and California Labor Code Sections 3600.5 and 5000.  Defendants believe that Section 5000 somehow negates the Bengals' and Defendants' agreement to exclusively apply Ohio law under O.R.C. §4123.54.  The Bengals believe that Section 3600.5 applies and, consistent with O.R.C. §4123.54, allows the parties to an employment agreement to decide which state's law governs Defendants' workers' compensation claims.

Those are not issues of interpretation of a collective bargaining agreement or a contract.  They involve application and interpretation of state workers' compensation laws.[4]  Under these circumstances, arbitration is properly denied.

---

[4] The Defendants' singular focus on this statutory argument makes clear that their reliance, in their Memorandum in Opposition to Remand, on *Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195 (6th Cir. 2004) is misplaced, because the outcome of this case "necessarily depends on resolution of a a substantial question of workmen's compensation law." *Harper*, 392 F.3d at 203; Defendants' Memorandum in Opposition to Remand (Doc. No. 14), pp. 12-13.

### C. Arbitration of this dispute would leave the Bengals without an effective remedy.

Even if the Court were to find the Bengals' claims arbitrable under the language of the CBA or the Contracts, the Court still should deny Defendants' motion to compel arbitration. A federal court may not compel arbitration of a statutory claim unless it determines that "the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum." *Gilmer*, 500 U.S. at 24. As the Sixth Circuit has explained,

> Even if this Court found no contractual defenses to the enforcement of the [arbitration agreement], Plaintiff's substantive rights are affected by the agreement. Courts have recognized that, although arbitration agreements are generally favored, they will not be enforced if they affect an individual's substantive rights. *Gilmer*, 500 U.S. at 28, 111 S.Ct. 1647, 114 L.Ed.2d 26. Where an individual is unable to vindicate his or her rights because of an obstacle erected by an arbitration agreement, the court may not enforce that arbitration agreement.
>
> *McMullen v. Meijer, Inc.*, 355 F.3d 485, 491 (6th Cir. 2004), quoting *Cooper v. MRM Inv. Co.*, 199 F.Supp.2d 771, 775 (M.D.Tenn.2002)

See also *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 658 (6th Cir.2003) ("[t]he Supreme Court has made clear that statutory rights ... may be subject to mandatory arbitration only if the arbitral forum permits the effective vindication of those rights.")

If the Defendants' Motion to Compel Arbitration is granted, the Bengals will be left without an effective remedy for Defendants' blatant breach of the statute and their Contracts for at least two reasons. First, the NFL Arbitrator will not make the required interpretation and application of Section 4123.54(H)(1) to these facts. The NFL Arbitrator expressly rejects requests—whether made by the players or the teams—to interpret or apply state workers compensation provisions, on the basis that it is beyond his authority to do so. Just as the Bengals assert here, the NFL Arbitrator correctly notes

that the application of a state's workers compensation laws is best left to the states. In *Davis Alexander, et al v. New York Jets, et al.*, (attached to the Affidavit of Adam Kaiser submitted by the Defendants at Exhibit F), Arbitrator Das said it succinctly: "The legality of provisions of state workers' compensation laws is a matter to be decided in the appropriate state or federal forum, not arbitration under the CBA." Kaiser Aff., Ex. F, p. 20. In other words, the NFL Arbitrator cannot be expected to address or apply Section 4123.54(H)(1)'s "exclusive remedy" language were he to decide this dispute. If an Ohio court does not apply Section 4123.54(H)(1), it will not be applied, and the Bengals will be unable to "effectively … vindicate its statutory cause of action." *Gilmer*, *supra*.

Second, should the Court dismiss this action, Defendants have promised not to arbitrate the substantive dispute. Instead, Defendants intend to assert the procedural bar of timeliness to any arbitration claim. This is by no means an idle concern: Section IX of the CBA contains a 45-day time limit on the filing of a grievance. If Defendants were to prevail on such a timeliness argument, the Bengals would be left with no certain remedy for Defendants' blatant violation of Ohio Revised Code Section 4123.54(H) and their respective Contracts. Defendants' motion to compel arbitration should be denied.

### D. The Court should not dismiss the Bengals' claims.

In any event, the Court should deny Defendants' motion to dismiss the Bengals' claims. If the Court is somehow persuaded that some of the Bengals' claims must be arbitrated under either the NFL Collective Bargaining Agreement or the Defendants' Contracts, it is clear that, based on the above arguments, the Bengals' purely statutory claims are not subject to arbitration. As a result, the most the Court will be authorized to do is to stay the case pending arbitration of the arbitrable matters. See *Hensel v.*

*Cargill, Inc.,* 198 F.3d 245 (Table) (6th Cir. 1999) ("if any separate claim is referable to arbitration, then a stay of proceedings on the remaining claims is mandatory"); *Continental Cas. Co. v. American Nat. Ins. Co.,* 417 F.3d 727, 732 n. 7 (7th Cir. 2005) ("We have noted that the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings pending arbitration rather than to dismiss outright"), *citing Tice v. American Airlines, Inc.,* 288 F.3d 313, 318 (7th Cir.2002).

## Conclusion

For each and for all of the above stated reasons, Plaintiff Cincinnati Bengals, Inc. respectfully requests that the Court deny Defendants' Motion to Compel Arbitration of this matter.

Respectfully submitted,

  /s/ Eric K. Combs
Samuel M. Duran (0009378)
Eric K. Combs (0067201)
Christina L. Fischer (0083312)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: 513.357.2838
Fax: 513).381.0205
duran@taftlaw.com
combs@taftlaw.com
cfischer@taftlaw.com

Attorneys for Plaintiff Cincinnati Bengals, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was filed on February 5, 2010 using the Court's CM/ECF filing system, which will transmit notice of the filing to all counsel of record in this case.

        /s/ Eric K. Combs

11532301.1