IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CINCINNATI BENGALS, INC., | Case No. 1:09 CV 738 |
| Plaintiff, | Hon. Sandra S. Beckwith |
| - against - | Hon. Timothy S. Black |
| KHALID ABDULLAH, SAM ADAMS, MARCO BATTAGLIA, RASHAD BAUMAN, ROGERS BECKETT, VAUGHN BOOKER, DUANE CLEMONS, RON DUGANS, DAVID DUNN, CHRIS EDMONDS, OLIVER GIBSON, DAMON GRIFFIN, KEVIN HARDY, RODNEY HEATH, NICK LUCHEY, TREMAIN MACK, TIMOTHY MCGEE, TONY MCGEE, REGGIE MYLES, HANNIBAL NAVIES, SCOTT REHBERG, ADRIAN ROSS, TROY SADOWSKI, DARNAY SCOTT, KABISA AKILI SMITH, ARMEGIS SPEARMAN, GLEN STEELE, DENNIS WEATHERSBY, RICHMOND WEBB, BERNARD WHITTINGTON AND DARRYL WILLIAMS, AND REINARD WILSON | |
| Defendants. | |

**THE DEFAULTING DEFENDANTS AND PROPOSED INTERVENOR'S
SUPPLEMENTAL MEMORADUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT[1]**

In footnote 1 of their opposition to the Players' motion to vacate the Default Judgments, the Bengals contend that the four Players against whom the Default Judgments were entered (Glen Steele, Oliver Gibson, Vaughn Booker and Reinard Wilson) have waived their

---

[1] All terms defined in the Defendants' moving brief [DE-5] are used as defined terms herein.

right to seek arbitration. In so arguing, the Bengals gloss over the law, which establishes that the Defaulting Players have not waived arbitration. The Defaulting Players submit this Supplemental Memorandum of Law to address the issue of waiver.

"The standard for waiver by litigation conduct is high." *Hodson v. Javitch, Block & Rathbone, LLP*, 531 F. Supp.2d 827, 831 (N.D. Ohio 2008) (citing *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 355-56 (6th Cir. 2003)). "Waiver of the right to arbitration is not to be lightly inferred, because there is a strong presumption in favor of arbitration." *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 310 Fed.Appx. 858, 2009 WL 383680 (6th Cir., Feb. 17, 2009). "Therefore, the party seeking to prove waiver [of arbitration] bears a heavy burden of proof." *Credit Acceptance Corp. v. Davisson*, 644 F. Supp.2d 948, 956 (N.D. Ohio 2009).

In order to prevail on waiver, the Bengals must clearly demonstrate that the Defaulting Players' conduct is "completely inconsistent" with the right to arbitrate and that the Bengals suffered "actual prejudice" as a result of the delay in seeking arbitration. *Id. See also Hodson*, 531 F. Supp.2d at 831 ("A party may waive its right to arbitrate if its conduct is completely inconsistent with an intent to arbitrate the dispute and the inconsistent conduct actually prejudices the party opposing arbitration"). Courts often refer to nine factors in determining whether a party has waived its right to arbitration through conduct in litigation: "1) filing responsive pleadings while not asserting a right to arbitration; 2) filing pretrial motions; 3) engaging in extensive discovery; 4) using discovery methods not available in arbitration; 5) litigating issues on the merits; 6) the length of delay in invoking an arbitration right and seeking a stay; 7) the proximity of the trial date; 8) the prejudice to the opposing party; and 9) whether the party has filed a counterclaim." *Konica Minolta Bus. Solutions, U.S.A., Inc. v. Allied Office*

*Prods., Inc.*, 2006 WL 3827461, at *11 (S.D. Ohio Dec. 27, 2006) (citing *Systran Fin. Svc. Corp. v. Giant Cement Holding Co.*, 252 F. Supp.2d 500, 506 (N.D. Ohio 2003)). *See also Reidy v. Cybertronics*, 2007 WL 496679, at *5 (S.D. Ohio Feb. 8, 2007) (same 9 factors). None of these factors support waiver in this case.

Indeed, the Bengals do not, because they cannot, argue that factors 1 through 5, 7, or 9 support a finding a waiver. The Bengals focus only on factors 6 (length of delay) and 8 (prejudice). As to prejudice, the Bengals have not even attempted to show any. The minimal fees they incurred in seeking the Default Judgments, of which they offer no proof despite their burden to do so, cannot possibly satisfy that standard. Indeed, if that were enough, waiver would be found all the time, while in fact waiver is almost never found, even if the plaintiff incurred substantial expense in litigating the case before arbitration was sought by the defendant. *See e.g., Reidy*, 2007 WL 496679, at *5 (no waiver even though defendant removed case to federal court, filed an answer, and engaged in discovery -- "The only real prejudice Plaintiff can show that she has already assumed costs by litigating her claims in the instant forum for eight months. *However, courts have noted that, without more, pretrial expense and delay are insufficient to demonstrate prejudice*") (emphasis added; numerous citations omitted); *Konica Minolta Bus. Solutions, U.S.A., Inc.*, 2006 WL 3827461, at *11 (participation in litigation and litigation expenses not enough prejudice to find waiver); *Rose v. Volvo Constr. Equip. N. Am., Inc.*, 2007 WL 846123 (N.D. Ohio Mar. 20, 2007) (extensive participation in litigation not enough for waiver); *Credit Acceptance Corp. v. Davisson*, 644 F. Supp.2d 948 (N.D. Ohio 2009) (extensive participation in litigation not enough for waiver).

Most tellingly, the Bengals ignore their own arguments on this very issue, accepted by this Court, when the shoe was on the other foot. In *Cincinnati Bengals, Inc. v.*

*Thompson*, 553 F. Supp. 1011 (S.D. Ohio 1983), the Bengals sued a player in state court for allegedly breaching the Player Contract. The case was removed to federal court, and the Bengals then sought to compel arbitration of their own claims. In moving to compel, the Bengals apparently relied on "the strong federal policy in favor of arbitration and the rules of contract construction enunciated by the Supreme Court in the *Steelworkers Trilogy*," see *id*. at 1016, even though in this case the Bengals contend that there is no federal policy in favor of arbitration. The Bengals also apparently argued that "there is no more fundamental policy in our national labor laws than that which favors peaceful resolution of labor disputes through voluntary arbitration," *see id.*, even though here the Bengals say that there is no presumption in favor of arbitration. In any event, the player contended that the Bengals waived arbitration by suing the player in court. The court disagreed, ruling that the filing of a lawsuit did not constitute a waiver. If filing a lawsuit is not a waiver, ignoring a lawsuit should not be a waiver either.

In support of its waiver argument, the Bengals cite a single case, *General Star National Insurance Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434 (6th Cir. 2002). That case involved sophisticated, counseled parties. The defendant -- a reinsurance company owned by a foreign government -- made the tactical decision to not answer a complaint that was properly served on the defendant's agent for service of process. The defendant sought to vacate the default judgment on the grounds that it was entitled to arbitration. In this case, in contrast, the default judgments were entered against former employees, all of whom have no recollection of ever seeing the complaint. Each employee, moreover, had no reason to believe any default judgments would be entered as they were all actively litigating against the Bengals in California.

Moreover, the Defaulting Players in this case are not seeking to vacate the Default Judgments on the basis of the arbitration agreement, as the defendants in *General Star* did.

4

Rather, the Players are seeking to vacate the Default Judgments due to a mistake at law, and because service was bad. If this court vacates the Default Judgments on either of those grounds, the next issue will be whether this Court ought to compel arbitration. This is completely different than *General Star*, where the defendant sought to bootstrap its motion to compel arbitration to the motion to vacate, arguing that vacatur should be granted because the dispute was arbitrable.

And finally, as set forth by the Sixth Circuit in subsequent cases, the plaintiff in *General Star* was able to demonstrate prejudice because it had "incurred significant litigation expenses." *Gordon v. Dadante*, 294 Fed.Appx 235, 238 (6th Cir. 2008). Because the defendant in *General Star* was a Romanian state-owned reinsurer that was dissolved in 1991 after the overthrow of the Communist regime, it is probably a good guess that the plaintiff incurred enormous expense in trying to enforce the default judgment. Indeed, the defendant probably sought to vacate the default because of the plaintiff's collection efforts. In any event, the Bengals point to no such prejudice here. There was very little activity in state court, and the expenses associated therewith were no doubt minimal. The Bengals, although it is their burden to show prejudice, submit no proof of such expenses. The Bengals cannot demonstrate prejudice, and for that reason, their waiver argument fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Defaulting Players and the NFLPA respectfully request this Court to compel arbitration or, in the alternative, dismiss this action.

Dated: March 8, 2009

Respectfully submitted,

*[signature]*

Thomas J. Kircher
MANLEY BURKE
225 W. Court Street
Cincinnati, Ohio 45202-1098
Telephone: (513) 721-5525, Ext. 1557
Facsimile: (513) 721-4268
tkircher@manleyburke.com

*Attorney for Defendants Booker, Gibson, Steele, Wilson and Proposed Intervenor National Football League Players Association*

Adam J. Kaiser
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
akaiser@dl.com

*Attorney for Proposed Intervenor National Football League Players Association*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of The Defaulting Defendants and Proposed Intervenor's Supplemental Memorandum of Law in Further Support of Their Motion to Compel Arbitration and Dismiss the Complaint was served via ECF on March 8, 2010 on all counsel of record.