**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION**

| | | |
|---|---|---|
| **CINCINNATI BENGALS, INC.** | : | No. 1:09 cv 738 |
| **Plaintiff,** | : | Hon. Sandra S. Beckwith |
| v. | : | Hon. Karen L. Litkovitz |
| **KHALID ABDULLAH, et al.** | : | PLAINTIFF'S MOTION TO LIFT STAY AND CONFIRM |
| **Defendants.** | : | ARBITRATION AWARD |

Plaintiff Cincinnati Bengals, Inc. moves this Court, pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. §185, to lift the stay in this case and enter judgment confirming the arbitration award on the issues in this case.

In 2010, upon Defendants' motion, this Court directed the parties to arbitration and stayed this action until its conclusion. Because the arbitration is now concluded, the Bengals ask the Court to lift the stay and enter an order confirming the arbitration award. The motion is based on the filings in this case including the provisions of the NFL CBA attached as exhibits to the notice to remove, the arbitration award, and the attached memorandum of law.

          Respectfully submitted,

/s/ william stuart dornette
W. Stuart Dornette (0002955)
Ryan A. Bednarczuk (0079795)
Christina L. Fischer (0083312)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: 513.357.2838
Fax: 513.381.0205
dornette@taftlaw.com
bednarczuk@taftlaw.com
cfischer@taftlaw.com

Attorneys for Plaintiff Cincinnati Bengals, Inc.

12862192.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| **CINCINNATI BENGALS, INC.** | : | No. 1:09 cv 738 |
| **Plaintiff,** | : | Hon. Sandra S. Beckwith |
| v. | : | Hon. Karen L. Litkovitz |
| **KHALID ABDULLAH, et al.** | : | PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY AND CONFIRM ARBITRATION AWARD |
| **Defendants.** | : | |

By order dated April 28, 2010, this Court directed the parties to arbitration of the claims in this case under the National Football League Collective Bargaining Agreement and stayed proceedings in this action until the conclusion of that arbitration. On May 4, 2012, the arbitration was concluded with the issuance of the Award attached as Exhibit A to this motion. Because the arbitration has now been concluded and the issues in this litigation have been determined by that arbitration, the Bengals ask the Court to lift the stay and enter an order confirming the Award.

## Background

This case arises out of workers' compensation claims filed against the Bengals by Defendants, 27 former Bengals players, in California. Defendants' actions violate the player contracts the Defendants signed, each of which included the following provision:

> As a material inducement for the Club to employ Player's services, Player promises and agrees that any workers' compensation claim, dispute, or cause of action arising out of Player's employment with the Club shall be subject to the workers' compensation laws of Ohio exclusively and not the workers' compensation laws of any other state. Player further agrees that any claim, filing, petition, or cause of action in any way relating to workers' compensation rights or benefits arising out of Player's employment with the

> Club, including without limitation the applicability or enforceability of this addendum, shall be brought solely and exclusively with the courts of Ohio, the Industrial Commission of Ohio, or such other Ohio tribunal that has jurisdiction over the matter.

Award, Exh. A, pp 2-3.

That language is both a choice of law and a choice of forum provision.  Any and all claims arising out of each Defendant's employment with the Bengals are subject exclusively to the workers' compensation laws of Ohio and not to the workers' compensation laws of any other state.  And such workers' compensation claims are to be brought in Ohio and not in any other state.

On June 26, 2008, the Bengals sued the first of the Defendants in Hamilton County Common Pleas Court for relief under Ohio's workers compensation statutes, seeking declaratory and injunctive relief.  On October 9, 2009, Defendants Khalid Abdullah and Darryl Williams filed a Notice of Removal (Doc. No. 1).  The Defendants then filed a Motion to Compel Arbitration (Doc. No. 5) seeking arbitration of the issues surrounding the enforcement of the choice of law/choice of forum provisions in the contracts.  On April 28, 2010, the Court granted the Defendants' Motion to Compel Arbitration and stayed the action pending outcome of the arbitration. (Doc. No. 31).

The arbitration proceeded under terms of the NFL Collective Bargaining Agreement.  On May 4, 2012, the Award was issued, finding that the Defendants had violated the terms of their contracts with the Bengals by bringing their California workers compensation claims.  The award entered was as follows:

> I. The sixty-three (63) Players named at footnote number 1 of the attached Opinion,[1] violated their individual NFL Player

---

[1] The 63 players included all of the Defendants in this action, plus another 36 players who had filed workers' compensation claims in California, most of them after this action was stayed.

>    Contracts by filing and processing claims for workers' compensation benefits in California.
>
> II.   Therefore, it is ordered that the above named Players cease and desist from the pursuit of workers' compensation benefits in the State of California through the withdrawal of their claims before the applicable tribunal. If the Players are to pursue workers' compensation claims, they are ordered to do so pursuant to the language set forth in their individual NFL Player Contracts.

Award, Exh. A, pp. 12-13.

With the arbitration now concluded, this Court should lift the stay it imposed pending the arbitration and confirm the Award.

**Argument**

The Supreme Court has long held that national policy favors the resolution of labor disputes through arbitration.  *See Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 441 (2006)); *see also Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564 (1960); *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574 (1960); *United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593 (1960)) ("Steelworkers' Trilogy").  "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer–Stevens Co. v. United Steelworkers of America, AFL–CIO, Dist. 27, Sub–Dist. 5*, 913 F.2d 1166, 1169 (6th Cir. 1990).  "The Supreme Court has made clear in the Steelworkers' Trilogy and its progeny that courts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local Number 7*, 114 F.3d 596, 599 (6th Cir. 1997).  As the Sixth Circuit held in *Titan Tire Corp. of Bryan v. United Steelworkers of America, Local 890L*, 656 F.3d 368, 372-373 (2011):

> "[W]e afford great deference to the arbitrator's decision," *Equitable Res., Inc. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO/CLC*, 621 F.3d 538, 545 (6th Cir. 2010), because the underlying "question of contract interpretation [is] for the arbitrator," *Am. Mfg. Co.,* 363 U.S. at 568, 80 S.Ct. 1363. The parties bargained for the arbitrator's judgment and "all that it connotes" and "[t]he courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim." Id. (internal footnote omitted). "[I]f an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001) (internal quotations marks omitted).

"Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. [ ... ] [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

At Defendants' request, this Court directed the parties to arbitration of the claims in this case under the National Football League Collective Bargaining Agreement and to dismiss or stay proceedings in this action until the conclusion of that arbitration.  The relevant provisions of the NFL CBA are attached to Defendants' Notice of Removal (Doc. No. 1) as Exhibits 3, 4 and 6:

> Exhibit 3 — Article XIV of the 2006 NFL CBA
> ("NFL Player Contract")
> Exhibit 4 — Appendix C to the 2006 NFL CBA
> ("NFL Player Contract" form)
> Exhibit 6 — Article IX of the 2006 NFL CBA
> ("Non-injury Grievance")

The arbitration proceeded and resulted in the arbitrator's rendering the Award attached as Exhibit A.  Now, the Bengals respectfully request that this Court confirm the Award and enter

judgment in its favor, and against Defendants pursuant to the terms of the Award. Defendants are entitled to the requested Order and Judgment pursuant to §301 of the Labor Relations Management Act and the Federal Arbitration Act, 9 U.S.C. §9, as the Award has not been vacated, modified, or corrected. Furthermore, this motion is properly before this Court because, as the Defendants acknowledged in their Notice of Removal (Doc. No. 1), venue is proper in this Court.

Under comparable facts and circumstances, federal district courts in California and Illinois have confirmed arbitration awards upholding agreements between certain National Football League teams and one or more of their former players to apply the law of the state where the team is located to workers' compensation disputes. *See Nat'l Football League Players Ass'n v. Nat'l Football League Management Council*, No. 10CV1671, 2011 WL 31068 (S.D. Cal. Jan. 5, 2011) (court granted Tennessee Titans' motion to confirm arbitration award); *Chicago Bears Football Club v. Haynes*, 816 F. Supp.2d 534 (N.D. Ill. Sept. 13, 2011) (court granted Chicago Bears' motion to confirm arbitration award). The federal courts in those matters rejected all of the players' various arguments about why the arbitration awards should not be confirmed.

Since the time of those decisions, and of particular significance to the Award in the Bengals' arbitration, the California Workers Compensation Appeals Board ("WCAB") held that California has no subject matter jurisdiction over the workers compensation claim of Defendant Vaughn Booker. A copy of that decision is attached as Exhibit B. In it, the WCAB considered at length the interplay between Ohio and California workers compensation law. It concluded that the California workers compensation system had no subject matter jurisdiction over Mr. Booker's workers compensation claim under section 3600.5(b) of the California Labor Code. It

went on to hold that, even if there were jurisdiction under 3600.5(b), the forum selection clause in Mr. Booker's contract would cause it to decline to exercise jurisdiction over his claim:

> we again conclude that, under section 3600.5(b), the WCAB does not have subject matter jurisdiction over applicant's cumulative injury claim against the Bengals.  However, even if we were to assume that the WCAB has subject matter jurisdiction, we would decline to exercise that jurisdiction here because the contract between applicant and the Bengals contains a forum selection clause requiring that he make any workers' compensation claim exclusively in Ohio.
>
> *Booker v. Cincinnati Bengals*, case no. ADJ4661829 (WCAB May 1, 2012), attached as Exhibit B.

While the decision addressed specifically Mr. Booker's claim, its reasoning applies with equal force to all of the Defendants.

## Conclusion

Two years ago, the Defendants asked this Court to send the question of enforcement of the forum selection clause in the Defendants' contract with the Cincinnati Bengals to an arbitrator for enforcement.  With that arbitration now concluded, the Bengals respectfully request that the Court lift the stay in this case and enter judgment confirming the arbitration award.

Respectfully submitted,

/s/ william stuart dornette
W. Stuart Dornette (0002955)
Ryan A. Bednarczuk (0079795)
Christina L. Fischer (0083312)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: 513.357.2838
Fax: 513.381.0205
dornette@taftlaw.com
bednarczuk@taftlaw.com
cfischer@taftlaw.com

Attorneys for Plaintiff Cincinnati Bengals, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on May 8, 2012 using the Court's CM/ECF filing system, which will transmit notice of the filing to all counsel of record in this case.

/s/ william stuart dornette
W. Stuart Dornette (0002955)