**EXHIBIT A**

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| ARBITRATION BETWEEN ) | |
| ) | |
| THE NATIONAL FOOTBALL ) | OPINION AND AWARD |
| LEAGUE MANAGEMENT COUNCIL ) | |
| on behalf of ) | |
| THE CINCINNATTI BENGALS ) | Grievance:  Workers' Compensation |
| ) | Dispute |
| and ) | |
| ) | |
| KHALID ABDULLAH, ET AL and ) | Date:  May 4, 2012 |
| THE NATIONAL FOOTBALL ) | |
| LEAGUE PLAYERS ASSOCIATION ) | |
| ) | |

**OPINION AND AWARD OF THE ARBITRATOR**

**Non-Injury Grievance Arbitrator**
    Michael H. Beck

**Appearances**
    For the National Football League Management Council
    Brook F. Gardiner, Labor Relations Counsel
    Daniel L. Nash and Stacey R. Eisenstein of the law firm Akin Gump Strauss
    Hauer & Feld LLP

    For the Players and the National Football League Players Association
    Jeffrey L. Kessler, David G. Feher, Adam J. Kaiser, and Jeffrey H.
    Newhouse of the law firm Dewey & LeBoeuf LLP

**OPINION AND AWARD OF THE ARBITRATOR**

**THE NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL**
on behalf of
**THE CINCINNATI BENGALS**

and

**THE PLAYERS AND THE**
**NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION**

**OPINION OF THE ARBITRATOR** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

**PROCEDURAL MATTERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

**ISSUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

**STIPULATED FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

**DISCUSSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.

<u>A.  The Arbitrator's Finding</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3.

<u>B.  The History of Workers' Compensation Disputes at the NFL</u> . . . . . . . . . . . . . . .4.

<u>C.  The Law of the Shop Prevails in This Case</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . .9.

<u>D.  Consideration of Ohio Law</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10.

**AWARD OF THE ARBITRATOR** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12.

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| ARBITRATION BETWEEN ) | |
| ) | |
| THE NATIONAL FOOTBALL ) | OPINION AND AWARD |
| LEAGUE MANAGEMENT COUNCIL ) | |
| on behalf of ) | |
| THE CINCINNATI BENGALS ) | Grievance:  Workers' Compensation |
| ) | Dispute |
| and ) | |
| ) | |
| KHALID ABDULLAH, ET AL and ) | Date:  May 4, 2012 |
| THE NATIONAL FOOTBALL ) | |
| LEAGUE PLAYERS ASSOCIATION ) | |
| ) | |

## OPINION OF THE ARBITRATOR

**PROCEDURAL MATTERS**

The Arbitrator, Michael H. Beck, was selected pursuant to Article IX of the 2006-2012 Collective Bargaining Agreement (CBA) between the National Football League Management Council (NFLMC) and the National Football League Players Association (NFLPA).  The parties agreed to proceed without a hearing and, instead, provided the Arbitrator with a stipulated record, hereinafter the Stipulation.  The National Football League Management Council, on behalf of the Cincinnati Bengals, was represented by Brook F. Gardiner, Labor Relations Counsel, and Daniel L. Nash and Stacey Eisenstein of the law firm Akin Gump Strauss Hauer & Feld LLP.  Sixty-three

1

players and the National Football League Players Association were represented by Jeffrey L. Kessler, David G. Feher, Adam J. Kaiser, and Jeffrey H. Newhouse of the law firm of Dewey & LeBoeuf LLP.

The parties filed their briefs by e-mail and provided the Arbitrator with hard copies of their briefs. The last brief in hard copy was the Union's brief which was received in the office of the Arbitrator on March 29, 2012.

**ISSUE**

The issue to be determined in this matter is set forth below:

> Did the sixty-three (63) players set forth in Appendix A of the Stipulation[1] violate their individual NFL Player Contracts by filing and processing claims for workers' compensation benefits in California and, if so, what is the appropriate remedy?

**STIPULATED FACTS**

The parties Stipulation included the following stipulated facts:

1. Each of the players listed on Appendix A has entered into a player contract with the Bengals containing the following provision:

   > As a material inducement for the Club to employ Player's services, Player promises and agrees that any workers' compensation claim, dispute, or cause of action arising out of Player's employment with the

---

[1] Khalid Abdullah, Willie Anderson, Michael Bankston, Marco Battaglia, Rashad Bauman, Rogers Beckett, Myron Bell, Ken Blackman, Vaughn Booker, Anthony Brown, Jeff Burris, Chris Carter, Antonio Chatman, Duane Clemons, Andre Collins, John Copeland, Corey Dillon, Ron Dugans, David Dunn, Chris Edmonds, Oliver Gibson, Damon Griffin, James Guitierrez, Kevin Hardy, Rodney Heath, Glenn Holt, Tory James, Landon Johnson, Riall Johnson, Rudi Johnson, Roderick Jones, Jevon Langford, Nick Luchey, Tremain Mack, Roy Manning, Timothy McGee, Tony McGee, Larry Moore, Tim Morabito, Michael Myers, Reggie Myles, Hannibal Navies, Matt O'Dwyer, Deltha O'Neal, Joseph "Bo" Orlando, Carl Pickens, Carl Powell, Scott Rehberg, Adrian Ross, Greg Scott, Troy Sadowski, Corey Sawyer, Akili Kabisa Smith, Armegis Spearman, Glen Steele, Brett Wallerstedt, Peter Warrick, Kenny Watson, Dennis Weathersby, Richmond Webb, Bernard Whittington, Darryl Williams, Reinard Wilson.

> Club shall be subject to the workers' compensation laws of Ohio exclusively and not the workers' compensation laws of any other state. Player further agrees that any claim, filing, petition, or cause of action in any way relating to workers' compensation rights or benefits arising out of Player's employment with the Club, including without limitation the applicability or enforceability of this addendum, shall be brought solely and exclusively with the courts of Ohio, the Industrial Commission of Ohio, or such other Ohio tribunal that has jurisdiction over the matter.

The parties also stipulated as follows:

> 2. Each of the players listed on Appendix A has filed a workers' compensation claim with the California Workers' Compensation Appeals Board under California law. All of these claims remain pending.
>
> 3. Each of the players listed in Appendix A alleges that he has sufficient contacts with California to maintain a California workers' compensation claim before the California Workers' Compensation Appeals Board.

Although not specifically included in the Stipulation, I note that each NFL Player Contract contains at Paragraph 22 the following provisions:

> LAW. This contract is made under and shall be governed by the laws of Ohio.

## DISCUSSION

### A. The Arbitrators' Finding

I find for the reasons set forth below that the sixty-three (63) players set forth in the Appendix A of the Stipulation violated their individual NFL Player Contracts by filing and processing claims for workers' compensation benefits in California.

**B. The History of Workers' Compensation Disputes at the NFL**

On August 5, 2010 Arbitrator Calvin W. Sharpe issued his decision in <u>National Football League Management Council/Tennessee Titans and National Football League Players Association/Bruce Matthews</u>, hereinafter <u>Matthews</u>. The relevant contract language before Arbitrator Sharpe, which was contained in Paragraph 26D of Bruce Matthews' NFL Player Contract is set forth below:

> Jurisdiction of all workers compensation claims and all other matters related to workers compensation, including but not limited to the matters recited in Numbered Paragraph 10 hereof, and including all issues of law, issues of fact, and matters related to workers compensation benefits, shall be exclusively determined by and exclusively decided in accordance with the internal laws of the State of Tennessee without resort to choice of law rules. . . .

Arbitrator Sharpe found that the language in Paragraph 26D was a choice of law provision and not a choice of forum provision.[2] However, Arbitrator Sharpe pointed out that his finding that Paragraph 26D of the Matthews NFL Player Contract was a choice of law provision did not end the inquiry. In this regard, Arbitrator Sharpe stated:

> It is clear that California's treatment of choice of law provisions creates the real possibility that a California tribunal may reject Tennessee law contrary to the parties' intention as reflected in Paragraph 26D. While the Player's Contract does not control California's application of its own law, it does control the conduct of the parties. As the parties' contract reader, the Arbitrator's responsibility is to interpret and enforce the contractual obligations undertaken by the parties. (Pg. 14.)

Arbitrator Sharpe held that Paragraph 26D established a mutual obligation and, therefore:

---

[2] With respect to the language of Paragraph 22, Arbitrator Sharpe found that it served ". . . a useful function beyond the parameters of Paragraph 26.D by eliminating choice of law disputes whenever contractual provisions call for the application of state law." (Pg. 13.)

4

> . . . the Player and Club are equally responsible for assuring the
> application of Tennessee law. Thus, the Player's argument before the
> California tribunal that the application of California law violates
> Paragraph 26D of the Player's Contract. (Footnote citing cases
> omitted. Pg. 15.)

In his Award, Arbitrator Sharpe made clear that Matthews was required:

> . . . to withdraw from the California proceedings, should the California
> tribunals ultimately deny the application of Tennessee law. (Pg. 18.)

Arbitrator Sharpe's Award in Matthews was confirmed by the United States District Court for the Southern District of California, hereinafter Matthews Court.[3]

On April 21, 2011, Arbitrator Rosemary A. Townley issued her Opinion and Award in Chicago Bears and the NFLMC and Michael Haynes et al and the NFLPA, hereinafter Bears. In Bears three former players filed claims for workers' compensation benefits with the California Workers' Compensation Appeals Board (WCAB) seeking benefits under the California Workers' Compensation Act. It was not disputed in Bears that the language relating to workers' compensation in the NFL Players' Contracts constituted choice of law and choice of forum provisions restricting the filing of workers' compensation cases to Illinois and making Illinois law the law governing applications for workers' compensation. The Players contended that the language in their NFL Players' Contract was unenforceable under California and federal law. A similar claim was made by the Players in Matthews, involving the choice of law provision in Matthews' NLF Player Contract, which was rejected by Arbitrator Sharpe.

---

[3] National Football League Players Association on its own and on behalf of Bruce Matthews v. National Football League Management Council and Tennessee Titans, 2011 WL 31068 (S. D. California, January 5, 2011).

5

In Bears Arbitrator Townley sustained the NFLMC grievances and ordered the three Players to "cease and desist the pursuit of their Workers' Compensation claims in the State of California through the withdrawal of such claims before the applicable tribunal." (Bears at pg. 29.)

In reaching her conclusion in Bears, Arbitrator Townley stated that the Matthews arbitration decision by Arbitrator Sharpe was the "law of the shop." Further, Arbitrator Townley found that the U.S. District Court decision in Matthews had raised the law of the shop "to the level of 'preclusive effect' on the instant matter. . . ." (Bears at pg. 19.) Arbitrator Townley further found that even absent a preclusive effect, the Players breached their NFL Player Contracts by filing workers' compensation claims in California.

On August 23, 2011 I issued my Arbitration Award in the National Football League Management Council on behalf of the New Orleans Saints and Cameron Cleeland, et al and the National Football League Players Association, hereinafter Saints. That case involved a choice of law and choice of forum provision set forth in each of eight NFL Player Contracts requiring that workers' compensation claims be pursued in the State of Louisiana and that the laws of the State of Louisiana shall govern. In Saints the Players did not dispute the meaning of the language in question there, but rather took the position, as they did in Bears, that the choice of law and choice of forum provisions in the NFL Player Contracts violated California law, federal labor law, and the Full Faith and Credit clause of the United States Constitution.

Additionally, the Players maintained in Saints that the arbitration decisions in Bears and Matthews were wrongly decided because those decisions were not in accord

6

with law. Further, the Players took the position that Matthews Court, confirming the award of Arbitrator Sharpe, was irrelevant because that decision has been appealed by the Players to the Ninth Circuit, and because the District Court's analysis there was, in the words of the Players, "severely limited" in that the court did not "hear claims of factual or legal error," and instead confined itself to hearing only the "procedural soundness of the arbitration decision." (Saints at pg. 6.)

In finding that the Players violated their NFL Player Contracts in Saints, I found that the arbitration decisions in Bears and Matthews, as well as two prior decisions by Arbitrator Shyam Das[4] constituted the law of the shop.

Less than a month after my arbitration decision in Saints, namely on September 13, 2011, the United States District Court for the Northern District of Illinois confirmed Arbitrator Townley's arbitration award in Bears.[5]

On February 23, 2012 I issued arbitration decisions in two cases[6] involving choice of law and choice of forum clauses in individual NFL Player Contracts requiring that workers' compensation claims by Players in Falcons be filed in the State of Georgia and governed by the laws of the State of Georgia. Similarly, with respect to Chiefs, the individual NFL Player Contracts required that the workers' compensation claims be filed

---

[4] National Football League Players Association and the National Football League Management Council on behalf of the Dallas Cowboys and the Houston Texans (Das, May 24, 2005, hereinafter Texans Workers' Comp, and NFLPA and Buffalo Bills, New York Giants and Carolina Panthers (Das, February 14, 2007, hereinafter Bills, Jets, and Panthers.)

[5] The Chicago Bears Football Club, Inc. and National Football League Management Council v. Michael Haynes et al and National Football League Players Association, (hereinafter Bears Court) 816 F. Supp. 2d 534 (N.D. Illinois, Sept. 13, 2011). It is not clear from the record in the instant case whether Bears Court has been appealed.

[6] The two cases are National Football League Management Council on behalf of the Atlanta Falcons and Roderick Coleman et al and National Football League Players Association (hereinafter Falcons) and National League Management Council on behalf of the Kansas City Chiefs and Tage Allen et al and the National Football League Players Association (hereinafter Chiefs).

7

in Missouri and governed by the State of Missouri. The Players did not contend that the choice of law and choice of forum provisions in <u>Falcons</u> and <u>Chiefs</u> should be considered different in meaning from the language of those provisions in <u>Saints</u>, or for that matter in <u>Bears</u>. Additionally, there was no contention by the Players in <u>Falcons</u> or <u>Chiefs</u> that the choice of law provisions were different in meaning from the choice of law provision in <u>Matthews</u>.

The NFLPA in <u>Falcons</u> and <u>Chiefs</u> maintained, as it did in <u>Saints</u>, that <u>Matthews</u> and <u>Bears</u> were wrongly decided, although the NFLPA did not specifically allege that my decision in <u>Saints</u> was wrongly decided, it is clear from their overall argument that this was their view. In any event, my decision in <u>Saints</u> was in line with that in <u>Bears</u> and <u>Matthews</u> as I relied on the law of the shop. At the behest of the NFLPA, I reviewed all of the cases cited to me by the NFLPA in its brief in <u>Falcons</u> and <u>Chiefs</u>, most of which had also been cited in the NFLPA brief in <u>Saints</u>. However, I still found that the law of the shop must prevail pursuant to the clear language of the individual NFL Player Contracts and NFL precedent as indicated in <u>Matthews</u>, <u>Bears</u>, and <u>Saints</u>.

With respect to the Players contention that I should ignore the decision of the District Court in <u>Matthews Court</u>, I pointed out that my authority as Arbitrator of the grievances in <u>Falcons</u> and <u>Chiefs</u> did not extend to reaching a result contrary to the ruling of the Federal District Court in <u>Matthews</u>. In this regard, I noted the conclusion reached by Arbitrator Townley in <u>Bears:</u>

> [O]nce a party subjects itself to the jurisdiction of a federal court for the review of an arbitration award and the appeals process is in motion, as is the case here, then an arbitrator is obligated under NFL arbitral authority and (sic) well as federal case law to defer to the courts on questions of state, federal and constitutional interpretation. . . .

8

> Moreover, if a party believes that a federal district court judge's decision is in error with respect to the interpretation of federal law, public policy and the U.S. Constitution, then the aggrieved party has the opportunity to challenge that judge's opinion at a higher level of judicial expertise, as has been done here [with respect to the Federal District Court's decision in Matthews]. (Bears pgs. 21-22.)

As noted above, less than a month after my August 23, 2011 Opinion and Award in Saints issued, the United States District Court for the Northern District of Illinois denied the NFLPA's motion to vacate the Arbitration Award of Arbitrator Rosemary Townley.[7] In my Opinions in Falcons and Chiefs, I noted that Federal District Court Judge Elaine E. Bucklo reached the following conclusion:

> . . . *de novo* review is appropriate with respect to the narrow claim defendants raise here, which is that the arbitral award is contrary to public policy. See Chrysler Motors 959 F.2d at 687. "While the merits of a grievance are for an arbitrator, the question of public policy is wholly independent from the collective bargaining agreement and is ultimately one for the courts. . . . (Pg. 4.)

Therefore, in Falcons and Chiefs I pointed out that my authority as Arbitrator in those cases did not extend to reaching a result contrary to that reached by the Federal District Courts in Matthews and Bears.

**C. The Law of the Shop Prevails in This Case**

Here, the NFLPA makes the following arguments:

1. The choice of law and choice of forum clauses in the NFL Players' Contracts violate the public policy of California, as well as other states, and thus are void and unenforceable.

---

[7] Bears Court, supra at Footnote No. 5.

2. Pursuant to federal labor law, a union and employer may not contract to take away from employees minimum state law benefits such as those provided by workers' compensation statutes.

3. Pursuant to the full faith and credit clause of the United States Constitution, a state may not limit another state's right to provide workers' compensation benefits.

4. The Arbitrator must consider external law in deciding whether the NFL Player's Contract should be enforced as written or whether that language is superseded by external law.

As discussed above in some detail, where these arguments have been made before Arbitrators' Das, Sharpe, Townley and Beck as well as two District Courts, they have in each case been rejected.

### D.  Consideration of Ohio Law

One contention by the NFLPA here needs further consideration, namely that the choice of law and choice of forum clauses in the NFL Player Contracts are "inconsistent . . . with the public policy of Ohio. . . ." (NFLPA brief, pg. 15.) In this regard, the NFLPA cites Ohio Revised Code Section 4123.80 entitled, Agreement to Waive Rights:

> No agreement by an employee to waive an employee's rights to compensation under this chapter is valid, . . .[8]

The choice of law and choice of forum provision signed by the Cincinnati Bengals and the sixty-three (63) Players do not waive any Player's right to compensation

---

[8] This Ohio Code provision does contain exceptions not relevant to the instant case.

under the Ohio Workers' Compensation Law.  It is true that Ohio Code Section 4123.54 (H)(2) cited by the NFLPA in its brief recognizes that an employee may pursue workers' compensation benefits from his or her employer under the laws of another state and provides that the amount awarded by that other state "shall be credited on the amount of any award of compensation or benefits made to the employee for the employee's dependants by the bureau [administering workers' compensation in Ohio].

Furthermore, I note Ohio Code Section 4123.54(H)(1) which provides as follows:

> Whenever, with respect to an employee of an employer who is subject to and has complied with this chapter, there is possibility of conflict with respect to the application of workers' compensation laws because the contract of employment entered into and all or some portions of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed. . . .

I have also reviewed the case of State of Ohio ex rel. General Mills, Inc. v. Industrial Commission of Ohio and J. Kolodziej, (Court of Appeals of Ohio, 2002), hereinafter State of Ohio.  That case is clearly distinguishable from the instant case as it does not involve a workers' compensation claim by an employee employed by an Ohio employer making a workers' compensation claim in another state.  Rather in State of Ohio, the employee involved, Mr. Kolodziej, who received an on-the-job injury was eventually returned to light duty by General Mills, the employer, and then was laid off. General Mills claimed that the layoff was pursuant to the seniority provisions of a collective bargaining agreement and, therefore, asserted that Mr. Kolodziej was precluded from returning to his former position of employment even if he were able to do so, rather than the industrial injury preventing his return to that position.  However, the Court concluded as follows:

> First, it is noted that there is no copy of the collective bargaining agreement in the record so it is impossible to determine whether claimant had waived his right to receive TTD [temporary total disability] compensation during the scheduled mass layoff. However, even if claimant had done so, the provision itself would be invalid as a matter of law. R.C. 4123.80 specifically provides that, "[n]o agreement by an employee to waive his rights to compensation under this chapter is valid." (Pg. 5.)

In the instant case, as indicated above, the choice of law and choice of forum provisions do not waive any right a Player may have to compensation under the Ohio Workers' Compensation law.

Finally, I note the two arbitration decisions issued by Arbitrator Das[9] in which he determined to rely on the language of the CBA's as opposed to state law, finding that the parties' had agreed that the arbitrator, not a court or other tribunal, is to make the final determination "of what a provision in the CBA means and what constitutes the law of the shop." (Bills, Jets and Panthers, pg. 22.)

### AWARD OF THE ARBITRATOR

It is the Award of your Arbitrator that:

I.  The sixty-three (63) Players named at footnote number 1 of the attached Opinion, violated their individual NFL Player Contracts by filing and processing claims for workers' compensation benefits in California.

---

[9] Texas Workers' Comp., supra and Bills, Jets and Panthers, supra.

II. Therefore, it is ordered that the above named Players cease and desist from the pursuit of workers' compensation benefits in the State of California through the withdrawal of their claims before the applicable tribunal. If the Players are to pursue workers' compensation claims, they are ordered to do so pursuant to the language set forth in their individual NFL Player Contracts.

III. The Arbitrator retains jurisdiction for the sole purpose of resolving any dispute which may arise between the parties regarding compliance with this Award.

Dated: May 4, 2012

Seattle, Washington

    __S/MICHAEL H. BECK__
    Michael H. Beck, Arbitrator