UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CINCINNATI BENGALS, INC., | : | |
| | : | Case No. 1:09-cv-738 |
| Plaintiff, | : | |
| | : | Hon. Sandra H. Beckwith |
| v. | : | |
| | : | |
| KHALID ABDULLAH, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| CINCINNATI BENGALS, INC., *et al.*, | : | Case No. 1:12-cv-377 |
| | : | |
| Plaintiffs, | : | Hon. Sandra H. Beckwith |
| | : | |
| v. | : | |
| | : | |
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM IN SUPPORT
OF CONFIRMATION OF ARBITRATION AWARD**

This matter is before the Court upon the Plaintiffs' motion to confirm the award of the arbitration that this Court ordered at Defendants' insistence. There is no dispute that a court's review of an arbitrator's decision is one of the narrowest standards of judicial review in American law, and the public policy exception Defendants assert applies only if an award is contrary to an "explicit, well-defined, and dominant" public policy. Defendants' response to the motion to confirm ignores what law governs the public policy exception and likewise ignores controlling provisions of both Ohio and California statutes that relate to the public policy in those two states. Cutting through all that, four facts remain clear:

- Under comparable facts and circumstances, federal district courts in California, Illinois, and Louisiana have rejected Defendants' "contrary to public policy" argument and confirmed arbitration awards upholding agreements between NFL teams and their players to apply the law of the state where the team is located to workers' compensation disputes.

- Ohio law specifically authorizes employers and employees to contractually agree that Ohio law and the Ohio workers' compensation system be the exclusive remedy for the employee's injury when the injury occurs out-of-state.

- Defendants provide no support for even considering California public policy (i.e., a non-forum state) in the judicial review of the arbitration decision; and in any event, California law specifically authorizes an out-of-state employer like the Bengals unilaterally to require that the Ohio workers' compensation system be the exclusive remedy for an employee's injury, even if the injury occurred in California.

- A choice of law or choice of forum provision – consistent with statutorily authorized procedures in both Ohio and California – cannot be construed as a waiver of workers' compensation benefits because the authorized procedures in both states ensure that the employee will have a remedy.

To bring those points into focus, Plaintiffs offer this brief reply.

### 1. If there were a question about public policy, Ohio public policy would control, not that of California.

Defendants frame their public policy challenge to the arbitration award in terms of California law. That leads to the "obvious threshold question" noted by Judge Bucklo in *Chicago Bears*: "*why is California's public policy relevant at all?*" *Chicago Bears Football Club v. Haynes*, 816 F. Supp. 2d 534, 538 (N.D. Ill. 2011) (confirming arbitration award). The answer here, just as in *Chicago Bears*, is that it is *not* relevant. Ohio is where the contracts here were formed, where the contracts here were largely performed, and where the lawsuits were brought. If there were any issue with enforceability of choice of law and forum selection provisions in the contracts, Ohio public policy would control. *Mutual Life Ins. Co. v. Hill,* 193 U.S. 551, 554 (1904) ("Parties contracting outside of the state of New York may, by agreement, incorporate into the contract the laws of that state and make its provisions controlling upon both

12972996.1 2

parties, provided such provisions do not conflict, with the law or public policy *of the state in which the contract is made*") (emphasis added); *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1971) ("A contractual choice-of-forum should be held unenforceable if enforcement would contravene a strong public policy of the *forum in which suit is brought*, whether declared by statute or by judicial decision") (emphasis added); *Connecticut General Life Ins. Co. v. Boseman,* 84 F.2d 701, 705 (5th Cir. 1936) ("Parties in contracting may adopt as part of their contract the laws of a state other than their own if not contrary to the law or public policy *of the state where the contract is made and to be performed*") (emphasis added).  We are aware of *no* case (and Defendants cite none) in which a court has even considered, let alone vindicated a public policy challenge based on the policy of a single non-forum state.  Because California is not the forum and has only the most tenuous connection to this litigation, its public policy is irrelevant.

Indeed, the 1935 decisions that the Defendants cite, *Alaska Packers' Ass'n v. Indus. Accident Comm'n of Cal.,* 1 Cal.2d 250, 34 P.2d 716 (1934), *aff'd,* 294 U.S. 532 (1935), each emphasized that the employment contract was entered into in California.  *See, e.g.*, 1 Cal.2d at 261-262 ("such contracts as the present one, which hire itinerant labor in large groups to be transported out of the state for seasonal work and returned to this state at the end of the season, constitute a special class of employment contracts in which the state of hiring has an interest at least as substantial as that of the state in which the temporary and seasonal work is to be performed"); 294 U.S. at 537 ("award was made in conformity to the statutes of California, where the contract of employment was entered into, rather than those of Alaska, where the injury occurred"); 540-541 ("where the contract is entered into within the state, even though it is to be performed elsewhere, its terms, its obligation, and its sanctions are subject, in some measure, to

the legislative control of the state"). That the contract was executed in California was likewise critical in *Bowen v. Workers' Comp. Appeals Board*, 73 Cal. App. 4th 15, 27 (Cal. Ct. App. 1999), which Defendants cite. (NFLPA Answer, Docket no. 58, ¶216) ("an employee who is a professional athlete residing in California, such as Bowen, ***who signs a player's contract in California*** furnished to the athlete here by an out-of-state team, is entitled to benefits under the act for injuries received while playing out of state under the contract") (emphasis added).

The argument Defendants seek to make here is the reverse holding of *Alaska Packers*. Under *Alaska Packers*, the law that was applied was the law of the state of hiring, here Ohio, not the law of the place where some injury may have been "aggravated."

> **2. Ohio public policy is clear – an employer and employee may agree to make Ohio workers compensation the employee's "exclusive remedy" for injury outside the state.**

Defendants say that Ohio Rev. Code §4123.54(H)(2) "expressly allows employees to seek workers compensation benefits in other states." (Def. Memo Opp. at 4.) From that provision, they argue that Ohio law is somehow "offended" by an agreement entered into between an employer and employee to have workers' compensation claims dealt with exclusively in Ohio. *Id.* But Defendants ignore the provision that immediate precedes the one they cite, which specifically authorizes the employer and employee to agree on what law governs. Ohio Rev. Code § 4123.54(H)(1) ("***[T]he employer and the employee may agree to be bound by the laws of this state*** or by the laws of some other state in which all or some portion of the work of the employee is to be performed.").[1]

Ohio law specifically contemplates that agreements like the choice of law and choice of forum provisions in the Bengals' contracts can be made between an employer and employee.

---

[1] This provision was adopted by the Ohio General Assembly in 1941 as part of Ohio General Code §1465-68 in essentially the form it takes today. 119 v. 565.

That rule undermines completely Defendants' argument that enforcement of those provisions is contrary to Ohio public policy. Enforcement of those provisions is absolutely consistent with Ohio policy and in fact mandated by the Ohio General Assembly:

> If the agreement is to be bound by the laws of this state and the employer has complied with this chapter, then the employee is entitled to compensation and benefits regardless of where the injury occurs or the disease is contracted and the *rights* of the employee and the employee's dependents *under the laws of this state are the exclusive remedy* against the employer on account of injury, disease, or death in the course of and arising out of the employee's employment.
>
> Ohio Rev. Code §4123.54(H)(1) (emphasis added).

Contrary to Defendants' argument, Ohio statutes allow employers and employees to agree to forum selection and choice of law provisions in their contracts.

### 3. Defendants' California public policy argument is contrary to case law and California statutory law.

Even if California law had any relevance, there is no conflict between a contract provision requiring the Defendants here to have their workers' compensation benefits heard under the Ohio system and the public policy of California. As a California court recently held in *1-800-Got Junk? LLC v. Superior Court*, 189 Cal.App.4th 500 (2010), a party's agreement to apply out-of-state law to a franchise dispute did not violate a California anti-waiver provision because the Act "[*did*] *not categorically prohibit choice of law provisions.*" *Id.* at 518 (emphasis added) ("had the Legislature intended the restriction in section 20010 to have the absolute effect suggested by Got Junk, it could have so specified"); *see also Doe v. City of Los Angeles*, 169 P.3d 559, 567 (Cal. 2007) ("[A] court . . . may not rewrite the statute to conform to an assumed intention which does not appear from its language.") (internal quotations omitted) (alteration in original). And, in *Booker v. Cincinnati Bengals*, Case No. ADJ4661829, (WCAB

May 1, 2012), the California Workers' Compensation Appeals Board upheld an out-of-state forum selection clause because "a forum selection clause neither waives the right to California benefits nor exempts the employer from liability for them." Simply put, California does not have any public policy – much less an explicit, well-defined one – against such provisions in the workers' compensation context.

Defendants' citation to and reliance on *Alaska Packers' Ass'n v. Indus. Accident Comm'n of Cal.,* 1 Cal.2d 250, 34 P.2d 716 (1934), *aff'd,* 294 U.S. 532 (1935), and *Pacific Employers Ins. Co. v. Comm'n,* 306 U.S. 493 (1939) does not change that conclusion. Neither case is applicable here. In *Alaska Packers*, the Court emphasized that the employment contract was made in California and the employee was only temporarily in Alaska. *Alaska Packers*, 294 U.S. at 539; *see also Alaska Packers*, 34 P.2d at 717. The *Alaska Packers* decisions are thus specifically conditioned on the "special circumstances" of that case, particularly contract formation in California and the improbability that the employee could obtain benefits in Alaska. Those decisions do not restrict parties like the Defendants here, whose disputes have only the most tenuous, if any, California connection, from agreeing to apply the workers' compensation law of a state with substantial connections to the Defendants and the Bengals.

*Pacific Employers* likewise does not suggest a California public policy – certainly not an explicit, well-defined, and dominant one – against choice-of-law and choice-of-forum provisions. First, the employees in *Pacific Employers* suffered a specific injury in California, not the alleged cumulative injuries in this case that Defendants may have suffered in up to 21 other states that host NFL games, each of which likely has the same if not greater contacts. Moreover, the *Pacific Employers* holding is that the Full Faith and Credit Clause permits a California court to reject another state's workers' compensation law where a worker was injured and treated in

California.  That is very different from a conclusion that California public policy requires an employee injured in California (whether a specific or cumulative injury) to seek workers' compensation benefits under California's system – as Defendants would have the Court believe.

Finally, Defendants' efforts to demonstrate an explicit, well-defined, and dominant California public policy based on decisions from the 1930s fails for an additional reason. Twenty years after *Alaska Packers* and *Pacific Employers*, the California legislature enacted a reciprocity statute, California Labor Code § 3600.5, which expressly exempts employees, even those injured in California, from California's workers compensation system in defined situations. That statute evidences a public policy exactly contrary to what Defendants espouse. that following those decisions, the California Legislature enacted a new law, California Labor Code §3600.5.  That provision set out the circumstances in which an out-of-state employer, like the Cincinnati Bengals, could hire employees who would periodically and temporarily work in California, and yet still preclude those employees from filing a claim for benefits in California. The critical language designated, in the case of the Bengals, workers compensation benefits in Ohio as the employees' ***"exclusive remedy"*** for an injury that occurred in California. Effectively, California Labor Code §3600.5(b) permits an employer unilaterally to require that employees pursue their workers compensation claims in some state other than California, even when the injury occurs in California.  No consent of the employee is required, only compliance with several prerequisites that serve to insure there will be coverage for the employee in the other state.

Defendants also rely on *Cleveland Crosby,* but the Workers' Compensation Judge allowed that claim in part because he determined that the choice of law clause in the contract did not cover workers' compensation injuries.  There is no dispute on that issue here.

      **4.**      **There is no waiver of workers' compensation benefits where an employee is directed – consistent with Ohio and California law – to the exclusive remedy of another state's workers' compensation system.**

There is no source for Defendants' position that an employer and employee cannot agree to a forum selection clause. The California Supreme Court has consistently held that forum selection clauses included in contracts are "valid and may be given effect." *Smith, Valentino & Smith v. Superior Court,* 17 Cal.3d 491, 495-496, P.2d 1206 (1976) ("It is readily apparent that courts possess discretion to decline to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum."). The court concluded that its policy "is satisfied in those cases where, as here, plaintiff has freely and voluntarily negotiated away his right to a California forum." *Id.*

Nor is an employee's agreement to have her or his workers' compensation claims adjudicated in a specified jurisdiction the same as waiver of those rights. That direct issue was addressed in the California Workers' Compensation Appeals Board's decision in *Booker v. Cincinnati Bengals*, Case No. ADJ4661829 (WCAB May 1, 2012). Defendants contort *Booker* in an attempt to support their public policy argument – implying that the decision supports their view that a forum selection clause in the player's contract is a waiver of workers' compensation benefits. (Def. Memo Opp. at 10-11.). But *Booker* does no such thing. To the contrary, the Board expressly held that "a forum selection clause neither waives the right to California benefits nor exempts the employer from liability for them." *Id.* at *14. The Board held that the former player "has not shown that enforcement of this forum selection clause would be unreasonable." *Id.* at *13.[2]

---

[2] In *Booker*, the California Workers' Compensation Appeals Board also held that the former Bengals player could not bring his workers compensation claims against the Bengals in California because of California's reciprocity statute, §3600.5. *Id.* at *3.

12972996.1                                                8

Defendants focus on §27(a) of the California Labor Code, "No contract, rule, or regulation shall exempt the employer from liability for the compensation fixed by this act." That language is virtually identical to §50-6-114 of the Tennessee Workers' Compensation Code:

> No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve an employer, in all or in part, of any obligation created by this chapter….

Notwithstanding that provision – in force in Tennessee since 1919 – the Sixth Circuit has held that an employment contract specifying that the law of Pennsylvania would govern workers' compensation issues between the parties did not violate the public policy of Tennessee. *Duskin v. Pennsylvania-Central Airlines Corp.,* 167 F.2d 727 (6th Cir. 1948). *Duskin* involved a pilot killed in an Alabama plane crash. His employer was a Pennsylvania company and the employment agreement stipulated that workers' compensation claims would be governed by the Pennsylvania Workers' Compensation Act. The estate argued the provision was invalid as violating the public policy of Tennessee. The Sixth Circuit did not agree:

> The provision in the contract of employment between Duskin and Pennsylvania Airlines was not contrary to the public policy of Tennessee, the forum as well as the residence of Appellant; nor does anything appear in the record, or briefs, or argument, that discloses or suggests that such a provision was contrary to the laws of the District of Columbia where the contract was entered into, or Alabama where the accident took place. It is our conclusion that the provisions in the contract of employment with reference to the application to Pennsylvania laws, were valid in every respect.
>
> 167 F.2d at 730.

*Accord, Sherrin v. Steele,* 240 F.2d 797, 799 (6th Cir. 1957) ("The agreement of the parties in the present case to be governed by the laws of New York [Workers Compensation] law applicable with respect to the rights of the parties under it as if the contract had been made in New York.").

## CONCLUSION

In 2008, the Cincinnati Bengals first asked for court assistance in enforcing clear contractual obligations that were being ignored by former players. Defendants at the time did everything they could to delay and frustrate those efforts. After ignoring the matter for more than a year, they removed the case from state court and asked this Court to dismiss it and to require that the claim be brought in arbitration. This Court agreed to stay proceedings pending the arbitration that the defendants had requested. That arbitration has now been concluded. The rights of the parties are exactly what the Bengals said they were four years ago when they started down this path.

Not liking the result from the forum they insisted upon, Defendants now want to litigate the entire matter anew in this Court.

It is beyond dispute that arbitration is favored. It is designed to bring a speedy resolution to disputes. And arbitrators' decisions are given great deference by the courts in this and every other circuit. The best that Defendants can do for why this court should ignore the arbitration award here is a convoluted argument based on outdated California cases. That argument, so far, has been rejected by three other federal courts. This case should be number four.

Respectfully submitted,

/s/ william stuart dornette
W. Stuart Dornette (0002955)
Ryan A. Bednarczuk (0079795)
Christina L. Fischer (0083312)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: 513.381.2838
Fax: 513.381.0205
dornette@taftlaw.com
bednarczuk@taftlaw.com
cfischer@taftlaw.com

Attorneys for Plaintiffs, Cincinnati Bengals, Inc. and National Football League Management Council

Of Counsel on behalf of National Football League Management Council:

Stacey R. Eisenstein
Daniel L. Nash
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.887.4427
Fax: 202.887.4288

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on August 3, 2012 using the Court's CM/ECF filing system, which will transmit notice of the filing to all counsel of record in this case.

/s/ william stuart dornette
W. Stuart Dornette (0002955)